627 P.2d 1102

The STATE of Arizona, Petitioner,

v.

**The Honorable William E. DRUKE, Judge of the Superior Court, in and for the County of Pima, State of Arizona,**

and

**James E. Cisco, Real Party in Interest, Respondents.**

No. 2 CA–CIV 3942.

Court of Appeals of Arizona, Division 2.

April 7, 1981.

Stephen D. Neely, Pima County Atty. by D. Jesse Smith and Michael J. Pearce, Certified Law Student, Tucson, pursuant to Rule 28(e), Supreme Court Rules, 17A A.R.S., for petitioner.

Richard S. Oseran, Pima County Public Defender by Jeffrey D. Bartolino, Deputy Public Defender, Tucson, for real party in interest.

OPINION

HOWARD, Judge.

In this special action the state challenges the trial court's failure to follow a plea agreement. Since the state has no remedy by appeal, we accept jurisdiction.

The issue here is whether the trial court found that the real party in interest had violated a condition of his probation thus requiring the trial court to adhere to paragraph nine of the plea agreement which states:

"If the probationary period is completed and no violation of any condition of probation occurs, the parties agree that the offense shall be designated a misdemeanor. But if during the probationary period, there is a court determination that

any condition of probation is violated whether administrative or otherwise, the parties hereby agree that the offense shall, at that point, be designated, and remain, a felony."

■ At a probation revocation hearing the trial court found that real party in interest had violated the regulations of his probation, but did not revoke his probation and refused to designate the previously open-ended offense a felony. The trial court's refusal to make the designation as requested by the deputy county attorney was based on its belief that only the first six paragraphs of the form used by Pima County constitute conditions and that paragraph seven of the "Conditions and Regulations of Probation" was not a condition of probation within the meaning of the plea agreement. We do not agree.

"NAME _____    CAUSE(S) NO. CR_____

YOU HAVE BEEN PLACED ON PROBATION FOR A PERIOD OF ____ YEARS/MONTHS.

On _____, 19__, the Court suspended the imposition (execution) of sentence in the above case and placed you on supervised (unsupervised) probation for ____ years, _____ months, under the charge and supervision of the Pima County Adult Probation Department during such period. The Court has ordered the following conditions:

1. You shall obey all City, County, State, and Federal Laws.
2. You shall pay a fine to the Clerk of Pima County Superior Court, or restitution in the amount of $_____, to be paid in monthly installments of $_____ not later than the _____ day of each month, the total amount to be paid no later than _____, 19__, or as directed by the Probation Officer.
3. You shall be (confined in the Pima County Jail) (committed to the Arizona State Department of Corrections) for a period of up to _____ years, _____ months, as a condition of probation, starting on _____, 19 ____.
4. You shall waive extradition for any probation revocation procedures.
5. You shall be subject to arrest and incarceration without a warrant by a Probation Officer if there is reason to believe that you have violated any of these conditions or regulations of probation.
6. Other conditions:_____
_____
_____
7. You shall report to and carry out the regulations of your Probation Officer. The Probation Officer may modify or clarify these regulations, and these regulations include the following:"

_____

Paragraph seven requires a probationer to carry out the regulations of his probation officer and is a condition of probation. Since real party in interest failed to carry out the regulations, he violated a condition of probation. The parties are bound by the terms of the plea agreement, *State v. Warren*, 124 Ariz. 396, 604 P.2d 660 (App.1979), and it is the duty of the court to carry out the terms of the agreement.

■ Counsel for the real party in interest has argued that even if the disposition by

the respondent court violated the terms of the original plea agreement, the respondent court modified the terms of the agreement at the sentencing hearing on January 4, 1980, when it stated that the designation of the offense as a felony or misdemeanor would be withheld pending the completion of probation by the real party in interest. However, the transcript of the January 4 hearing shows:

> "Pursuant to the defendant's prior guilty plea, it is the judgment of the Court that the defendant is guilty of the crime of the unlawful use of means of transportation. Is this the plea agreement that provides that if he completes probation successfully it will be deemed a misdemeanor, and if not it will be deemed a felony?
>
> MR. BARTOLINO: Correct, your Honor.
>
> THE COURT: Yes, I see that as condition number 9 of the plea agreement. Continuing on with the minute entry: Committed on or about March 25, 1979. It is further the judgment of the court that the designation of the offense as a felony or misdemeanor be withheld pending the completion of probation by the defendant."

It appears to us that the statement by the court is nothing more than a mistake in attempting to recall what the terms of the plea agreement were. In any case, any attempt by the trial court to modify the original plea agreement would have been prefaced with notice to the parties of what the court intended to do. Without such notice by the court, we cannot infer from the language of the hearing that the court was modifying the plea agreement.

Relief is granted and the trial court is ordered to designate the offense a felony.

HATHAWAY, C. J., and BIRDSALL, J., concur.