IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO


| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2002-0285 |
| | ) | 2 CA-CR 2002-0431 |
| Appellee, | ) | (Consolidated) |
| | ) | DEPARTMENT B |
| v. | ) | |
| | ) | |
| ARMANDO D. RODRIGUEZ- | ) | O P I N I O N |
| GONZALES; and WILLIAM RALPH | ) | |
| HIEBER | ) | |
| | ) | |
| Appellants. | ) | |
| | ) | |


APPEALS FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause Nos. CR-65642 and CR-20000093

Honorable Deborah Bernini, Judge
Honorable Howard Fell, Judge Pro Tempore

DISMISSED

---

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Diane Leigh Hunt                                    Tucson
                                                                    Attorneys for Appellee

Isabel G. Garcia, Pima County Legal Defender
  By Joy Athena                                                               Tucson
                                                                  Attorneys for Appellants

---

E S P I N O S A, Chief Judge.

¶1 In consolidated direct appeals, appellants Armando Rodriguez-Gonzalez and William Hieber challenge their sentences. Both had originally been sentenced following guilty pleas but had been granted new sentencing hearings through successful post-conviction proceedings pursuant to Rule 32, Ariz. R. Crim. P., 17 A.R.S. Appellants argue that this court has subject matter jurisdiction and that they are not required to engage in further Rule 32 proceedings to challenge their new sentences. For the reasons set forth below, we disagree and dismiss the appeals.

**Facts and Procedural Background**

¶2 Following a mistrial on multiple narcotics charges, Rodriguez-Gonzalez pled guilty to possessing heroin for sale, a class two felony, with one prior conviction. The trial court sentenced him to a partially aggravated prison term of twelve years enhanced by his prior federal conviction for illegal reentry. In his Rule 32 petition, Rodriguez-Gonzalez argued his sentence was unlawfully enhanced because there is no Arizona offense equivalent to illegal reentry. *See* A.R.S. § 13-604(N). The trial court agreed and granted Rodriguez-Gonzalez a new sentencing hearing. He was subsequently sentenced to a presumptive, five-year term to be served consecutively to the term imposed in his federal case, and filed a timely notice of appeal.

¶3 Hieber had pled guilty to aggravated assault, endangerment, and misdemeanor driving while under the influence of an intoxicant. The trial court sentenced him to concurrent prison terms, the longest of which was an aggravated, five-year term on the aggravated assault charge. This court granted Hieber partial relief in his petition for review of the trial court's

2

summary denial of his Rule 32 petition, finding he had raised colorable claims of whether his aggravated assault sentence had been unlawfully aggravated by charges that were then pending and whether the evidence supported the amount of restitution imposed. *State v. Hieber*, No. 2 CA-CR 2001-0408-PR (memorandum decision filed June 4, 2002). The trial court subsequently resentenced Hieber to a presumptive 3.5-year prison term for aggravated assault. This appeal followed.

### Subject Matter Jurisdiction

¶4 Appellants acknowledge that defendants who plead guilty are not entitled to direct review in this court, *see* A.R.S. § 13-4033(B); Ariz. R. Crim. P. 17.1(e), 16A A.R.S., but argue that direct appeal is now appropriate because they are challenging sentences imposed during new sentencing hearings. Appellants contend they have rights of direct review under § 13-4033(A)(2) or (A)(3). Under those provisions, a defendant may take an appeal from "[a]n order denying a motion for a new trial or from an order made after judgment affecting the substantial rights of the party," § 13-4033(A)(2), or from "[a] sentence on the grounds that it is illegal or excessive." § 13-4033(A)(3).

¶5 As the state points out, the provisions of § 13-4033(A)(2) and (3) are limited by subsection B to certain defendants. That subsection states, "[i]n noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation." Accordingly, any right of appeal appellants have under subsection (A)(2) or (A)(3) "is restricted by subsection (B), which precludes a direct appeal from a judgment or sentence entered pursuant to a plea agreement."

3

*State v. Jimenez*, 188 Ariz. 342, 344, 935 P.2d 920, 922 (App. 1996); *see also* Ariz. R. Crim. P. 17.1(e) ("By pleading guilty . . . in a noncapital case, a defendant waives the right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a petition for post-conviction relief pursuant to Rule 32 and, if denied, a petition for review."). Here, the new sentencing orders merely placed appellants in the position in which they would have been had they been sentenced correctly in the first place. *See State v. Thomas*, 142 Ariz. 201, 204, 688 P.2d 1093, 1096 (App. 1984) (after sentences vacated by appellate court and case remanded, trial court "was not modifying previously imposed sentences . . . but rather was sentencing anew"); *State v. Pyeatt*, 135 Ariz. 141, 143, 659 P.2d 1286, 1288 (App. 1982) ("An illegal sentence is no sentence at all."). Consequently, the appellants are seeking direct review of a sentence entered pursuant to a plea agreement, something this court has no jurisdiction to do. § 13-4033(B); *Jimenez*.

¶6          In seeking to avoid this result, appellants rely on *Jimenez*, a Division One case in which a defendant had pled guilty, was placed on probation, and then appealed from the trial court's denial of a motion to modify the conditions of probation. The court dismissed the appeal for want of subject matter jurisdiction, concluding that the court's denial of the defendant's motion to modify the terms of his probation was not an order affecting his substantial rights. The court then stated, "If the trial court's order had actually changed or modified the judgment or sentence originally imposed, we assume defendant would have had the right of direct appeal." *Jimenez*, 188 Ariz. at 345, 935 P.2d at 923. But here, the resentencing orders were not changes or modifications of the sentences originally imposed,

4

but new orders, replacing the original unlawful orders as if they had not existed. *See Thomas; Pyeatt.*

¶7        We conclude we do not have appellate jurisdiction of these consolidated appeals; they are therefore dismissed.

_____
PHILIP G. ESPINOSA, Chief Judge

CONCURRING:

_____
JOHN PELANDER, Presiding Judge

_____
PETER J. ECKERSTROM, Judge