IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

JUN 30 2006

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | |
| Appellee, | ) | 2 CA-CR 2005-0248 |
| | ) | DEPARTMENT A |
| v. | ) | |
| | ) | O P I N I O N |
| PABLO RODRIGUEZ CELAYA, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20021971

Honorable Michael Cruikshank, Judge

APPEAL DISMISSED

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Aaron J. Moskowitz                                    Phoenix
                                                                   Attorneys for Appellee


Isabel G. Garcia, Pima County Legal Defender
  By Alex Heveri                                                               Tucson
                                                                   Attorneys for Appellant


V Á S Q U E Z, Judge.

¶1 Pablo Celaya pled guilty to one count of aggravated assault with a deadly weapon or dangerous instrument, a class three felony and domestic violence offense, and was sentenced to a partially aggravated prison term of ten years. In a petition for post-conviction relief that followed, Celaya argued he was entitled to be resentenced because the trial court had failed to state on the record its reasons for departing from the presumptive prison term. *See* A.R.S. § 13-702(B); *State v. Harrison*, 195 Ariz. 1, ¶¶ 9-10, 985 P.2d 486, 488-89 (1999). The state agreed Celaya was entitled to be resentenced and requested a jury trial under *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).

¶2 The trial court ordered a jury trial to determine the existence of aggravating factors. After the jury found physical and emotional harm to the victim as aggravating factors, the court sentenced Celaya to a partially aggravated, nine-year prison term. *See* A.R.S. § 13-702(C)(9). On appeal from his resentencing, Celaya argues, as he did below, that "empaneling a . . . jury to determine aggravating factors rather than imposing the presumptive term violated" his protection against double jeopardy. Finding that we lack jurisdiction, however, we dismiss Celaya's appeal.

¶3 "The court of appeals, as a court of limited jurisdiction, has only the jurisdiction conferred on it by statute." *McDougall v. Superior Court*, 170 Ariz. 474, 475, 826 P.2d 337, 338 (App. 1991). Under A.R.S. § 13-4033(B), a defendant in a noncapital case "may not appeal from a judgment or sentence that is entered pursuant to a plea agreement." "By pleading guilty or no contest in a noncapital case, a defendant waives the

right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a petition for post-conviction relief pursuant to Rule 32 and, if denied, by a petition for review." Ariz. R. Crim. P. 17.1(e), 16A A.R.S. Moreover, the state's failure to move to dismiss this appeal or otherwise challenge Celaya's claims based on lack of jurisdiction cannot confer jurisdiction on us. *See Kadera v. Superior Court*, 187 Ariz. 557, 562, 931 P.2d 1067, 1072 (App. 1996) ("Arizona law has established that parties may not confer subject matter jurisdiction on a court that it does not otherwise have.").

**¶4** Celaya asserts in his opening brief that we have "jurisdiction under A.R.S. §§ 12-120.21, 13-4031, and 13-4011." The state agrees this court has jurisdiction, citing article VI, § 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A). But neither the constitutional provision nor these statutes confer direct appellate jurisdiction of this case.

**¶5** Article VI, § 9 merely states that this court has jurisdiction "as provided by law." And the general provisions for this court's jurisdiction found in §§ 12-120.21[1] and 13-4031[2] are modified by the express exception in § 13-4033(B) quoted above. *See Merrick*

---

[1]Section 12-120.21(A)(1) states: "The court of appeals shall have . . . [a]ppellate jurisdiction in all actions and proceedings originating in or permitted by law to be appealed from the superior court, except criminal actions involving crimes for which a sentence of death has actually been imposed."

[2]Section 13-4031 states: "[A]ny party to a prosecution by indictment, information or complaint, may appeal *as prescribed by law and in the manner provided by the rules of criminal procedure*, except criminal actions involving crimes for which a sentence of death has actually been imposed may only be appealed to the supreme court." (Emphasis

*v. Lewis*, 192 Ariz. 272, ¶ 13, 964 P.2d 473, 475-76 (1998) (specific statutes control over general statutes); *State v. Rodriguez-Gonzales*, 208 Ariz. 198, ¶ 5, 92 P.3d 424, 426 (App. 2004) ("[T]he provisions of § 13-4033(A)(2) and (3) are limited by subsection B to certain defendants."). Section 13-4033(B) was added in 1992, *see* 1992 Ariz. Sess. Laws, ch. 184, § 1, long after the general grants of jurisdiction in the other statutes. *See* 1964 Ariz. Sess. Laws, ch. 102, §§ 1 and 3; *In re Manny*, 211 Ariz. 301, ¶ 7, 120 P.3d 1111, 1113 (App. 2005) (newer, specific statute prevails over older, general statute). Finally, § 13-4011, on which Celaya also relies, assigns responsibility for the costs of a criminal action removed to a different county before trial and does not grant this court jurisdiction in this case.

¶6 That Celaya received a jury trial on aggravating factors after his first petition for post-conviction relief does not alter the fact that he expressly waived a jury trial and pled guilty to the underlying offense. In so doing, Celaya waived his right to a direct appeal of his conviction and sentence. The rule announced in *Blakely* is not substantive, but procedural. *See State v. Febles*, 210 Ariz. 589, ¶ 14, 115 P.3d 629, 634 (App. 2005). In *Blakely*, the supreme court "reallocated certain factfinding authority from the judge to the jury." *Febles*, 210 Ariz. 589, ¶ 16, 115 P.3d at 634. It did not, however, address the method by which a defendant may obtain review of his or her sentence or conviction following a plea agreement. And nothing in *Blakely* or its progeny alters or invalidates the provisions of § 13-4033(B).

---

added.)

**¶7**         Celaya's sentence was entered pursuant to his plea agreement; therefore, we lack jurisdiction and dismiss his appeal. *Cf. Rodriguez-Gonzales*, 208 Ariz. 198, ¶ 7, 92 P.3d at 426 (dismissing for lack of jurisdiction non-*Blakely*-based direct appeals of defendants' resentencings ordered in proceeding for post-conviction relief); *Nikont v. Hantman*, 211 Ariz. 367, ¶ 6, 121 P.3d 873, 875 (App. 2003) (Rule 10.4(b), Ariz. R. Crim. P., 16A A.R.S., which renews right to change of judge on remand for "new trial," does not renew right to change of judge on remand for resentencing based on *Blakely*).

_____
GARYE L. VÁSQUEZ, Judge

CONCURRING:


_____
JOHN PELANDER, Chief Judge


_____
JOSEPH W. HOWARD, Presiding Judge

5