IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | |
| Appellee, | ) | 2 CA-CR 2009-0205 |
| | ) | DEPARTMENT B |
| v. | ) | |
| | ) | O P I N I O N |
| JOHN GEORGE PONSART, JR., | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause No. CR200401314

Honorable Janna L. Vanderpool, Judge

AFFIRMED

---

Terry Goddard, Arizona Attorney General
  By Kent E. Cattani and Diane Leigh Hunt                        Tucson
                                                    Attorneys for Appellee


Harriette P. Levitt                                              Tucson
                                                    Attorney for Appellant

---

E C K E R S T R O M, Presiding Judge.

¶1 In 2004, appellant John Ponsart, Jr., was convicted after pleading no contest to attempted molestation of a child. Pursuant to a stipulation in his plea agreement, the trial court suspended the imposition of sentence and placed him on lifetime probation. In 2008, after a contested probation violation hearing, the court found Ponsart had violated the terms of his probation, revoked it, and sentenced him to an aggravated prison term of fifteen years. On appeal, Ponsart relies on *State v. Schmidt*, 220 Ariz. 563, 208 P.3d 214 (2009), to argue the court improperly sentenced him to an aggravated term.[1] For the following reasons, we affirm.

**Jurisdiction**

¶2 As an initial matter, the state challenges our jurisdiction to consider Ponsart's claim by way of appeal. Generally, we have jurisdiction to review a sentence challenged "on the grounds that it is illegal or excessive," A.R.S. § 13-4033(A)(4), but, as the state correctly points out, our jurisdiction is limited by § 13-4033(B), which provides that a defendant in a noncapital case "may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation." *Id*. In this appeal, Ponsart challenges a sentence within the range authorized by his plea agreement and imposed following revocation of the probationary term entered pursuant

---

[1]Initially, Ponsart also argued he was sentenced wrongly under former A.R.S. § 13-604.01, 2001 Ariz. Sess. Laws, ch. 334, § 7, based on our decision in *State v. Gonzalez*, 216 Ariz. 11, 162 P.3d 650 (App. 2007). But, in his reply brief, he has conceded *Gonzalez* is not relevant to his appeal.

2

to his plea.[2]  We therefore must determine whether the legislature intended to characterize such a sentence as one "entered pursuant to a plea agreement"—over which we have no appellate jurisdiction—or whether, in preserving a defendant's right to appeal from contested probation violation hearings, the legislature also intended to preserve a pleading defendant's right to appeal a sentence imposed after a contested revocation of probation.

¶3          In construing statutes, "our primary goal is to discern and give effect to the legislature's intent." *State v. Fell*, 203 Ariz. 186, ¶ 6, 52 P.3d 218, 220 (App. 2002). Clear and unequivocal language "is determinative of [a] statute's construction," *Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991), but if "the statute's language is not clear, we determine legislative intent by reading the statute as a whole, giving meaningful operation to all of its provisions, and by considering factors such as the statute's context, subject matter, historical background, effects and consequences, and spirit and purpose." *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996).

¶4          When determining legislative intent, we give words their "plain and ordinary meaning" and "apply a practical and commonsensical construction." *State v.*

_____

[2]In 2004, the trial court accepted Ponsart's plea agreement, which provided by stipulation that, upon conviction, he would be placed on lifetime probation.  The agreement further stated:  "If probation is violated, the Defendant may be sentenced for up to the maximum fine and the maximum term of imprisonment [for] each offense."  An addendum to the agreement provided that the applicable statutory range of prison sentences for the offense included a five-year minimum term, a ten-year presumptive term, and a fifteen-year maximum term.  As part of the agreement, Ponsart waived "his right to appeal the judgment and sentence to a higher court."

*Alawy*, 198 Ariz. 363, ¶ 8, 9 P.3d 1102, 1104 (App. 2000). Here, we must assess whether, in the context of our criminal procedure, Ponsart's sentence can be characterized as one imposed "pursuant to" a plea agreement. In *The American Heritage Dictionary* 1006 (2d college ed. 1991), "[p]ursuant," when used as an adjective, is defined as "[p]roceeding from and conformable to; in accordance with"; when used as an adverb, it is defined as "[a]ccordingly; consequently." According to *Webster's Third New International Dictionary* 1848 (1971), "pursuant to" is a preposition that means "in the course of carrying out : in conformance to or agreement with : according to."

¶5        On one hand, we recognize that Ponsart's sentence after revocation was a consequence of his plea agreement in the general sense that the conviction arising from the plea agreement was a necessary causal prerequisite to the ultimate sentence he received. And, the sentencing was "in conformance to" the plea agreement to the extent the agreement determined the range of potential sentencing options.

¶6        On the other hand, the post-revocation sentence did not proceed directly from the agreement and was not imposed as a necessary or immediate consequence of the agreement. *Cf. State v. Fuentes*, 26 Ariz. App. 444, 447, 549 P.2d 224, 227 (1976) (finding full statutory sentencing range available after revocation of probation absent indication stipulated sentencing range in plea agreement applied to post-revocation sentence). Rather, Ponsart was exposed to the prison term here only after the trial court had determined, following a contested hearing, that Ponsart had violated the terms and conditions of his probation—events that were not consequences of his plea agreement.

4

Because the legislature has not indicated whether it intended the phrase "pursuant to a plea agreement" to refer to more general or direct causal consequences of a plea, we cannot agree with the state that the plain language of § 13-4033(B) necessarily characterizes Ponsart's sentence as one "entered pursuant to a plea agreement."

¶7        We thus turn to a reading of the statute as a whole and consider its spirit and purpose. *See Zamora*, 185 Ariz. at 275, 915 P.2d at 1230. In so doing, we cannot overlook that the legislature expressly has restricted the right to appeal from sentences imposed after a defendant has admitted a violation of probation. § 13-4033(B) ("[D]efendant may not appeal from a . . . sentence that is entered pursuant to . . . an admission to a probation violation."). At minimum, this suggests the legislature has declined to similarly restrict a defendant's right to appeal a sentence imposed after the defendant has contested whether he violated probation. Accordingly, we understand § 13-4033(B) to deprive us of appellate jurisdiction of sentences arising from a defendant's admission that he has violated probation, but not of sentences imposed, as here, after the defendant has contested that allegation.

¶8        A review of the statute's spirit and purpose reinforces this understanding of our legislature's intent. As this court has observed in *State v. Baca*, 187 Ariz. 61, 64-65, 926 P.2d 528, 531-32 (App. 1996), "the underlying purpose" of § 13-4033(B) and contemporaneous statutory and rule amendments "was to unclog an appellate system burdened with guilty plea and probation violation admission appeals and divert such cases to the Rule 32 process." But the state's construction of § 13-4033(B) would not

5

serve the legislative goal of diverting cases from appellate review. As the state acknowledges, any defendant, including one originally convicted pursuant to a plea agreement, may appeal a contested finding that he violated the terms of his probation. Limiting the same defendant to Rule 32 relief to challenge the resulting sentence would thus necessitate two proceedings, by separate procedural paths to separate courts, for the review of a single violation proceeding. *Cf. State v. Medrano-Barraza*, 190 Ariz. 472, 474, 949 P.2d 561, 563 (App. 1997) (determining non-pleading defendant who admitted prior convictions entitled to appeal sentence, in part because, under contrary interpretation of § 13-4033(B), "a defendant convicted by trial but sentenced after an admission of prior convictions would generate two . . . proceedings: a direct appeal from the conviction and a Rule 32 petition from the sentence"). Like the court in *Medrano-Barraza,* "[w]e are confident that the legislature did not intend to require needless multiplication of [review] proceedings." 190 Ariz. at 474, 949 P.2d at 563.

¶9 In construing § 13-4033(B), this court has made clear that a pleading defendant may not appeal from an order imposing probation upon conviction and may challenge that order only in a Rule 32 proceeding. *State v. Jimenez*, 188 Ariz. 342, 344-45, 935 P.2d 920, 922-23 (App. 1996). Similarly, under § 13-4033(B), a defendant who admits violating the terms of his probation may not appeal from the sentence entered after his probation is revoked. *Baca*, 187 Ariz. at 63, 66, 926 P.2d at 530, 533. But in previous decisions, we have not hesitated to exercise our jurisdiction when a pleading defendant has appealed from a sentence imposed after a contested probation violation

6

hearing. *E.g.*, *State v. Forte*, 222 Ariz. 389, ¶¶ 1, 28, 214 P.3d 1030, 1032, 1037 (App. 2009) (finding error in post-revocation sentencing proceeding harmless); *State v. Ray*, 209 Ariz. 429, ¶¶ 1, 6, 104 P.3d 160, 161, 162 (App. 2004) (distinguishing non-appealable judgment and imposition of probation after acceptance of plea from appealable order imposing sentence after contested violation hearing).

**¶10** Moreover, we previously have found post-judgment orders appealable when the basis for challenge "could not have been raised in connection with the original judgment of guilt and imposition of probation." *State v. Delgarito*, 189 Ariz. 58, 61, 938 P.2d 107, 110 (App. 1997). In *Delgarito*, we held that a pleading defendant is entitled to appeal a post-judgment order designating his offense a felony because the issue is not one "that would normally arise in an appeal from the original judgment and sentence." *Id.* at 59, 60, 938 P.2d at 108, 109; *see* § 13-4033(A)(3) (providing right to appeal orders "made after judgment affecting the substantial rights of the party"). And we have suggested, albeit in dicta, that if a trial court's post-judgment sentencing order changes or modifies the sentence originally imposed, the defendant would have a right to appeal that order even if the original judgment arose from a plea agreement. *Jimenez*, 188 Ariz. at 345, 935 P.2d at 923. Here, the sentence Ponsart challenges, a fifteen-year prison term, considerably modifies his original disposition of lifetime probation, and his challenge to it could not have been raised in the original proceedings because no such sentence had yet been imposed.

7

**¶11** The state contends that our decision in *State v. Rodriguez-Gonzales*, 208 Ariz. 198, 92 P.3d 424 (App. 2004), supports its argument that we have no jurisdiction over Ponsart's claim. There, pleading defendants had appealed from new sentences imposed after their original sentences had been vacated in Rule 32 proceedings. *Rodriguez-Gonzales*, 208 Ariz. 198, ¶ 1, 92 P.3d at 425. Each defendant had argued that his new sentence was appealable as "an order made after judgment affecting [his] substantial rights" under what is now § 13-4033(A)(3). *Rodriguez-Gonzales*, 208 Ariz. 198, ¶ 4, 92 P.3d at 425. In rejecting the defendants' argument, we distinguished the defendants' sentences, imposed after their original sentences had been vacated, from an order granting a motion to modify a sentence. *Id.* ¶¶ 5-6. We emphasized that "the resentencing orders were not changes or modifications of the sentences originally imposed, but new orders, replacing the original unlawful orders as if they had not existed" and, thus, must be considered as sentences entered pursuant to the defendants' plea agreements under § 13-4033(B). *Id.* ¶ 6; *accord State v. Celaya*, 213 Ariz. 282, ¶¶ 1-2, 6-7, 141 P.3d 762, 762, 763 (App. 2006).

**¶12** In contrast to the new sentences imposed in *Rodriguez-Gonzales* and *Celaya*, Ponsart's sentence of imprisonment did not replace his original probationary term as if it had never existed. Rather, the trial court imposed the prison term after intervening proceedings in which the court determined Ponsart had violated the terms of his probation. In short, our rationale for rejecting appellate jurisdiction in *Rodriguez-Gonzales* does not apply here.

**Sentence**

**¶13** Having concluded we have jurisdiction to consider Ponsart's appeal, we reject Ponsart's claim that he received an illegal sentence. Relying on *State v. Schmidt*, 220 Ariz. 563, 208 P.3d 214 (2009), Ponsart argues his aggravated sentence is illegal because it was "based almost entirely" on aggravating circumstances falling within the catch-all provision of former A.R.S. § 13-702(C)(20), 2003 Ariz. Sess. Laws, ch. 225, § 1.[3] In *Schmidt*, our supreme court held the "[u]se of the catch-all [provision in former A.R.S. § 13-702(D)(13)] as the sole factor to increase a defendant's statutory maximum sentence violates due process," because that provision "is patently vague." *Schmidt*, 220 Ariz. 563, ¶¶ 9-10, 208 P.3d at 217.[4] But the court in *Schmidt* further explained:

> When one or more clearly enumerated aggravators are found consistent with *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)], and they allow imposition of an aggravated sentence under the relevant statutory scheme, the "elements" of the aggravated offense will have been identified with sufficient clarity to satisfy due process. Subsequent reliance on other factors embraced by a catch-all provision to justify a sentence up to the statutory maximum comports with the traditional discretionary role afforded judges in sentencing.

*Schmidt*, 220 Ariz. 563, ¶ 11, 208 P.3d at 217.

---

[3]Significant portions of the Arizona criminal sentencing code have been renumbered, effective "from and after December 31, 2008." *See* 2008 Ariz. Sess. Laws, ch. 301, §§ 1-120. We refer in this opinion to the section number in effect at the time of the principal offense in this case, on April 4, 2004.

[4]The catch-all aggravating circumstance considered by the court in *Schmidt* was nearly identical to the provision in force when Ponsart committed his offense. *See* 220 Ariz. 563, ¶ 8, 208 P.3d at 217.

9

¶14     As the state points out, among other aggravating circumstances the trial court considered at sentencing, it found "there was physical and emotional harm caused to the victim," an aggravating circumstance specifically enumerated by statute. *See* 2003 Ariz. Sess. Laws, ch. 225, § 1 (listing "[t]he physical, emotional and financial harm caused to the victim" under former § 13-702(C)(9)). Thus, as long as sufficient evidence supported this finding—a "clearly enumerated aggravator[]" under *Schmidt*—the court did not err in considering other aggravating factors or in imposing an aggravated sentence. *Schmidt*, 220 Ariz. 563, ¶ 11, 208 P.3d at 217.

¶15     In a conclusory fashion, Ponsart asserts "[t]here was no evidence that the victim suffered physical or emotional harm," and argues, "if this aggravating factor had existed at the time [Ponsart] entered a guilty plea, he would surely not have been sentenced to a term of probation." But he cites no authority supporting the proposition that a trial court must reject a plea agreement containing a stipulated disposition of probation on the ground it later might find aggravating circumstances at sentencing. Moreover, we agree with the state that the court's finding of emotional harm was reasonably supported by the victim's impact statement, which reported the child victim had experienced "nightmares, trouble sleeping[, and] crying for no reason," and had needed professional counseling as a result of the molestation. We "'defer to the trial court's factual findings that are supported by the record and [are] not clearly erroneous,'" and we will overturn those findings "only if no substantial evidence supports them."

10

*State v. Rodriguez*, 205 Ariz. 392, ¶ 18, 71 P.3d 919, 924 (App. 2003), *quoting State v. Rosengren*, 199 Ariz. 112, ¶ 9, 14 P.3d 303, 307 (App. 2000).

**¶16**　　　　We find no error and no abuse of discretion in the trial court's imposition of sentence.　We therefore affirm the court's revocation of Ponsart's probation and the sentence imposed.

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Presiding Judge

CONCURRING:

/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Judge

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Judge

11