SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No.  CR-10-0154-PR |
| Appellee, | ) | |
| | ) | Court of Appeals |
| | ) | Division One |
| v. | ) | No.  1 CA-CR 08-0651 |
| | ) | |
| | ) | Maricopa County |
| CHRISTOPHER MICHAEL REGENOLD, | ) | Superior Court |
| | ) | No.  CR2005-135187-001 DT |
| | ) | |
| Appellant. | ) | **O P I N I O N** |
| _____ | ) | |

Appeal from the Superior Court in Maricopa County
The Honorable Jaime B. Holguin, Commissioner
_____

Memorandum Decision of the Court of Appeals, Division One
Filed Mar. 18, 2010

**REVERSED AND REMANDED**
_____


THOMAS C. HORNE, ARIZONA ATTORNEY GENERAL                   Phoenix
     By   Kent E. Cattani, Chief Counsel,
          Capital Litigation Section
          Aaron J. Moskowitz, Assistant Attorney General
          Diane Leigh Hunt, Assistant Attorney General     Tucson
Attorneys for State of Arizona

JAMES J. HAAS, MARICOPA COUNTY PUBLIC DEFENDER             Phoenix
     By   Tennie B. Martin, Deputy Public Defender
          Colin F. Stearns, Deputy Public Defender

And

MARICOPA COUNTY OFFICE OF THE LEGAL ADVOCATE               Phoenix
     By   Consuelo M. Ohanesian, Deputy Legal Advocate
Attorneys for Christopher Michael Regenold
_____

**B E R C H**, Chief Justice

¶1        A defendant in a noncapital case "may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation."  Ariz. Rev. Stat. ("A.R.S.") § 13-4033(B) (2010).  We have been asked to decide whether a defendant who pleads guilty but later contests an alleged probation violation may appeal the resulting sentence.  We hold that A.R.S § 13-4033(B) does not limit the right of appeal in such circumstances.

## I.   FACTS AND PROCEDURAL HISTORY

¶2        Christopher Michael Regenold was indicted for one count of luring a minor for sexual exploitation.  He accepted a plea agreement that provided a sentencing range of five to fifteen years.  The judge suspended imposition of the sentence and placed Regenold on lifetime probation.

¶3        More than a year later, the State petitioned to revoke Regenold's probation.  After a contested hearing, the judge revoked probation and sentenced Regenold to six and one-half years in prison.  Regenold appealed.  Citing A.R.S. § 13-4033(B), the court of appeals dismissed the appeal for lack of jurisdiction, finding that Regenold's sentence had been imposed pursuant to his plea agreement and, therefore, rather than appealing, he should have filed a petition for post-conviction relief pursuant to Rule 32.  *State v. Regenold*, 1 CA-CR 08-0651,

2010 WL 987063 (Ariz. App. Mar. 18, 2010).

¶4 We granted review of Regenold's petition for review because the court of appeals decision in this case conflicts with the opinion of the court of appeals in *State v. Ponsart*, 224 Ariz. 518, 233 P.3d 631 (App. 2010), and the issue presented is of statewide importance. We have jurisdiction under Article 6, section 5, clause 3 of the Arizona Constitution.

## II. DISCUSSION

¶5 Arizona Rule of Criminal Procedure 32.1 provides the review process for defendants who plead guilty. *State v. Smith*, 184 Ariz. 456, 458, 910 P.2d 1, 3 (1996). It authorizes review through an of-right post-conviction relief proceeding for those defendants who "admitted a probation violation, or whose probation was automatically violated based upon a plea of guilty or no contest." Ariz. R. Crim. P. 32.1. Those found guilty after trial retain the right to appeal.

¶6 Arizona Revised Statutes § 13-4033(B) similarly precludes those who enter plea agreements or admit to a probation violation from filing a direct appeal. It provides that "[i]n noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation." *Id.* We must resolve whether a defendant who pleads guilty to the underlying crime, but later has probation revoked following a

- 3 -

contested probation revocation hearing, may appeal the resulting sentence or must instead file a Rule 32 petition.

¶7 Regenold argues that because § 13-4033(B) precludes an appeal only from an "admission to a probation violation," a defendant may appeal from a judgment or sentence entered after the defendant contests or refuses to admit to a probation violation. The State responds that a pleading defendant who is put on probation, later unsuccessfully contests a probation violation and is thereafter sentenced, receives punishment "pursuant to a plea agreement" for purposes of § 13-4033(B) and thus may not appeal. It also argues that Regenold waived his right to appeal when he entered the plea agreement. For these reasons, the State maintains, Regenold cannot pursue a direct appeal, but must instead seek review under Rule 32. We disagree with the State's contentions.

¶8 A defendant who receives punishment following a contested probation violation proceeding does not receive a "sentence that is entered pursuant to a plea agreement" as that phrase is used in § 13-4033(B). Rather, a pleading defendant who is sentenced to prison or jail or placed on probation receives punishment "pursuant to [the] plea agreement" when the probation or other sanction for the underlying crime is imposed. At that time, the defendant learns his punishment, which may include a combination of prison or jail time and restitution,

along with any probationary period and terms. If the defendant fulfills those terms, this is the only sentence he will ever receive for the underlying crime. If the defendant fails to comply with the terms of probation, however, a different and more severe consequence may result. Any punishment imposed after a probation revocation hearing is a consequence that would not exist but for the defendant's violation of probation. Therefore, although the range of punishment for a probation violation may be constrained by a plea agreement, the sentence imposed after a contested probation revocation is not entered "pursuant to [the] plea agreement" for purposes of § 13–4033(B).

¶9     The State also argues that Regenold waived his right to appeal by signing a plea agreement that provided, "By entering this agreement, the Defendant further waives and gives up the right to appeal." Although we agree that Regenold waived his right to direct appeal by pleading guilty, instead implicitly consenting to review by petition for post-conviction relief, *see* *Smith*, 184 Ariz. at 458, 910 P.2d at 3, he did not waive his right to appeal later rulings in the case.

¶10     We find support for our conclusion in the language of Rule 32.1, which permits a defendant who "admit[s] a probation violation, or whose probation was automatically violated based upon a plea of guilty or no contest" to file a petition for post-conviction relief. As noted, Regenold did not admit that

he violated probation; he contested that he had done so. In short, Regenold's situation is not squarely covered by language of Rule 32.1 that would require him to seek review by filing a petition for post-conviction relief. On the other hand, he is not prohibited from appealing the revocation of probation by the language of A.R.S. § 13-4033(B) because he did not admit to a probation violation.

¶11 A contrary construction of § 13-4033(B) may lead to multiple hearings involving the same facts. *See Ponsart*, 224 Ariz. at 520-21 ¶ 8, 233 P.3d at 633-34. For example, precluding a pleading defendant from appealing a sentence imposed following a contested probation violation hearing would require the defendant to appeal from the finding of a probation violation, but to file a separate Rule 32 petition for post-conviction relief to contest the resulting sentence. *See id.* Requiring parallel proceedings contravenes § 13-4033(B)'s purpose of reducing the burden on the appellate courts. *See Hearing on H.B. 2481 Before the H. Comm. on Judiciary*, 40th Leg., 2d Reg. Sess. (Feb. 24, 1992); *accord* Arizona State Senate, Fact Sheet for H.B. 2481, 40th Leg., 2d Reg. Sess. (Mar. 19, 1992). Permitting the defendant to combine the finding of a violation and the sentence imposed following a finding of a probation violation in one appeal better serves the legislative intent.

III. CONCLUSION

¶12     Because Regenold appealed a sentence entered after a contested hearing on a probation violation, § 13-4033(B) does not bar his appeal.  We reverse the decision of the court of appeals and remand to that court for further proceedings.

_____
                          Rebecca White Berch, Chief Justice

CONCURRING:

_____
Andrew D. Hurwitz, Vice Chief Justice

_____
W. Scott Bales, Justice

_____
Michael D. Ryan, Justice (Retired)

**P E L A N D E R**, Justice, dissenting

¶13     I respectfully dissent, but not because the majority does violence to the wording of A.R.S. § 13-4033.  In fact, the majority's interpretation of that statute is plausible and perhaps preferable for the policy reasons set forth in ¶ 11, *supra*.  In my view, however, the more reasonable and logical interpretation of § 13-4033(B) precludes Regenold's appeal because, at bottom, he is appealing from a sentence "entered

pursuant to a plea agreement." Indeed, in the only issue raised on appeal, Regenold directly challenges his plea agreement's prescribed sentencing range under which the trial court sentenced him, as it was required to do. Therefore, because the appeal is prohibited under § 13-4033(B), the proper avenue of review is by petition for post-conviction relief under Arizona Rule of Criminal Procedure 32.

¶14 The majority bases its contrary conclusion on one of the two exceptions set forth in § 13-4033(B) – "an admission to a probation violation." But subsection (B) is framed in the disjunctive and clearly precludes defendants in noncapital cases from appealing "from a judgment or sentence that is entered pursuant to a plea agreement." On its face, that prohibition is neither qualified nor limited to situations in which the defendant is initially (or contemporaneously) sentenced to a prison term, rather than initially being placed on probation, after the trial court accepts the plea; nor is the prohibition tied to whether or not the defendant ultimately admits to a probation violation, a situation in which appellate jurisdiction also is foreclosed under the second, independent clause of subsection (B).

¶15 Nonetheless, I acknowledge that the language of § 13-4033(B) has no "plain meaning" and, on its face, does not clearly answer the appellate jurisdiction issue presented here.

But when statutory words do not lend themselves to a plain meaning or yield an obvious result, we may refer "to an established, widely respected dictionary for the ordinary meaning" of the words. *State v. Wise*, 137 Ariz. 468, 470 n.3, 671 P.2d 909, 911 n.3 (1983); *see also* A.R.S. § 1-213 ("Words and phrases shall be construed according to the common and approved use of the language.").

¶16    Black's Law Dictionary defines "pursuant to," the key phrase in this case, as "[i]n compliance with; in accordance with; under[;] . . . [a]s authorized by." Black's Law Dictionary 1356 (9th ed. 2009). After accepting Regenold's plea, the trial court was bound by its terms, including the sentencing range Regenold now claims is illegal. *See Mejia v. Irwin*, 195 Ariz. 270, 273 ¶ 17, 987 P.2d 756, 759 (App. 1999) ("Once the State made the agreement with Mejia and the court accepted and acted upon it, all parties were bound by it."); *State v. Druke*, 128 Ariz. 604, 605, 627 P.2d 1102, 1103 (App. 1981) ("[I]t is the duty of the court to carry out the terms of the [plea] agreement."). Because the plea wholly controlled the court's sentence, the sentence was a direct (albeit deferred) consequence of the plea agreement. *See State v. Muldoon*, 159 Ariz. 295, 298, 767 P.2d 16, 19 (1988) (stating probation is a court order "suspend[ing] or defer[ring]" the imposition of sentence to "some future date" in order to give a defendant "a

- 9 -

period of time in which to perform certain conditions and thereby avoid imposition of a sentence"). Therefore, Regenold's appeal effectively challenges a term in his plea agreement and, as such, is disallowed by § 13-4033(B) and Rule 17.1(e) (providing that defendants in noncapital cases who plead guilty waive right to direct appeal and may seek review only via post-conviction proceedings under Rule 32). *Cf*. *State v. Delgarito*, 189 Ariz. 58, 59, 61, 938 P.2d 107, 108, 110 (App. 1997) (allowing appeal from trial court's designation of offense as felony, when appeal did not "effectively challenge[] the plea agreement or sentence," and defendant had "no other means of appellate review").

¶**17**      I find the majority's analysis unpersuasive because it incorrectly assumes that Regenold's ultimate sentence arose out of the contested probation violation hearing rather than the plea agreement. Regardless of when the trial court imposes sentence on a pleading defendant, and even though the "consequence" of sentencing resulted only from Regenold's probation violation, the inquiry should be whether the plea agreement controlled the court's disposition of the matter. The majority seems to acknowledge that it did. *See* ¶ 8, *supra*.

¶**18**      The majority's reasoning also suggests that § 13-4033(B) applies only to sentences entered immediately following a trial court's acceptance of a plea agreement and not to

sentences imposed sometime later, after intervening events have occurred. But that view effectively inserts into § 13-4033(B) the word "immediately" before the word "entered," thereby applying the statute's prohibition only to sentences entered *immediately* pursuant to a plea agreement. The statute contains no such requirement and, absent an absurdity or impossibility, this Court is not free to modify the statute in that way. *See Hernandez v. Frohmiller*, 68 Ariz. 242, 250, 204 P.2d 854, 859 (1949).

¶19 Moreover, any temporal limit on § 13-4033(B) is inconsistent with multiple cases that conclude a sentence was pursuant to a plea agreement, precluding direct appeal, despite the presence of intervening events. In *State v. Celaya*, 213 Ariz. 282, 282-83 ¶¶ 1-2, 7, 141 P.3d 762, 762-63 (App. 2006), and *State v. Rodriguez-Gonzales*, 208 Ariz. 198, 199 ¶ 1, 92 P.3d 424, 425 (App. 2004), the intervening event was invalidation of the original sentence. In *State v. Jimenez*, 188 Ariz. 342, 342-43, 935 P.2d 920, 920-21 (App. 1996), the intervening event was the defendant's motion to vacate the plea agreement's probation conditions. The defendant's only relief in each of those cases was by post-conviction relief under Rule 32.1. As those authorities indicate, the inquiry relevant to § 13-4033(B) is whether, in the end, an appeal essentially challenges the plea agreement. If so, as here, a case's procedural history, or the

specific timing of sentencing pursuant to the plea agreement, does not render appealable an otherwise unappealable sentence.

**¶20** Also unpersuasive is the majority's reference to Rule 32.1 in support of its conclusion. *See* ¶ 10, *supra*. Appellate jurisdiction is controlled and limited by statute, not rule. *See Campbell v. Arnold*, 121 Ariz. 370, 371, 590 P.2d 909, 910 (1979). To the extent it is pertinent, however, Rule 32.1 provides that "[a]ny person who pled guilty or no contest . . . shall have the right to file a post-conviction relief proceeding" under Rule 32, and in that "of-right proceeding," the defendant may assert, as Regenold does, that "[t]he sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law[.]" Ariz. R. Crim. P. 32.1(c). It is undisputed here that Regenold "pled guilty," Ariz. R. Crim. P. 32.1, and that fact is unaltered by his having later contested the probation-revocation petition filed against him. Thus, having pled guilty, Regenold is squarely within the category of defendants this Court, by rule, has diverted to the Rule 32 path for post-conviction relief and appellate review.

**¶21** The majority's concern about multiplicative proceedings, though valid in the abstract, is unwarranted here because Regenold does not challenge the revocation of probation. More importantly, the hypothetical prospect of multiple

proceedings does not allow us to override § 13-4033(B). Because § 13-4033(B) is a jurisdictional statute, the court of appeals has no jurisdiction over any claims that fall within the statute's prohibitive scope, no matter how or when they arise and even if the defendant could raise other claims on appeal. Any multiplication of proceedings created by § 13-4033(B) is simply a consequence of the legislature's decision to divert appeals from pleading defendants to the Rule 32 process, a phenomenon that regularly occurs in reverse when non-pleading defendants who appeal are relegated to Rule 32 post-conviction proceedings for any claims of ineffective assistance of counsel. *See State v. Spreitz*, 202 Ariz. 1, 3 ¶ 9, 39 P.3d 525, 527 (2002).

¶22    For these reasons, the court of appeals lacks subject matter jurisdiction over Regenold's appeal and, therefore, I would affirm that court's memorandum decision dismissing the appeal.

_____
A. John Pelander, Justice

- 13 -