NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAMIE JOHN MICHAEL DE GROOTE, *Appellant.*

No. 1 CA-CR 17-0587
FILED 9-12-2019

Appeal from the Superior Court in Navajo County
No. S0900CR20080784
The Honorable Robert J. Higgins, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Elizabeth B. N. Garcia
*Counsel for Appellee*

Suzuki Law Offices LLC, Phoenix
By Seth M. Apfel
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Michael J. Brown joined.

---

**P E R K I N S**, Judge:

**¶1**        Jamie John Michael De Groote appeals the superior court's revocation of his probation and resulting prison sentence. He also challenges his 2009 plea agreement and subsequent imposition of probation. For the following reasons, we affirm the probation revocation and sentence. We lack jurisdiction to consider the propriety of the plea agreement and probation terms.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        De Groote pled guilty in 2009 to one count of conspiracy to transport a narcotic drug for sale, a class 2 felony. The superior court suspended imposition of sentence on February 10, 2015, and placed De Groote on five years of supervised probation. On July 26, 2016, the county probation department filed a petition to revoke De Groote's probation. In it, the county alleged that De Groote's whereabouts were unknown, which violated four of his probation conditions. De Groote contested the petition.

**¶3**        The superior court conducted a revocation hearing on May 16, 2017, during which De Groote and a representative of the probation department testified. The court concluded the State had proven at least one violation and, based in part on De Groote's prior convictions, imposed an aggravated 7.5-year prison term with 447 days of presentence incarceration credit. De Groote timely appeals.

## DISCUSSION

**¶4**        De Groote raises the following six issues: (1) whether he was competent to waive counsel during the 2015 proceeding in which the court imposed probation; (2) whether his mental state when he accepted the State's plea offer negated notice of his probationary conditions; (3) whether the superior court erred in failing to advise De Groote pursuant to *State v. Donald*, 198 Ariz. 406 (App. 2000), before he accepted the plea offer; (4) whether the court violated De Groote's right to counsel by granting his request to represent himself at the revocation hearing; (5) whether the court

erred in imposing an aggravated prison term; and (6) whether the court miscalculated De Groote's additional presentence incarceration credit.

¶5　　　　We lack jurisdiction to consider a defendant's direct appeal from a judgment or sentence entered pursuant to a plea agreement. A.R.S § 13-4033(B); *State v. Regenold*, 226 Ariz. 378, 378, ¶ 1 (2011); *State v. Ponsart*, 224 Ariz. 518, 521, ¶ 9 (App. 2010). Similarly, a defendant may not directly appeal from a revocation of probation when he or she admits to violating a probation condition. A.R.S. § 13-4033(B). We have jurisdiction to consider an appeal from a contested probation revocation and the resulting sentence. Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4033(A)(3)–(4); *Regenold*, 226 Ariz. at 378, ¶ 1; *Ponsart*, 224 Ariz. at 519–22, ¶ 2–12.

¶6　　　　Issues (1), (2), and (3) concern the circumstances of De Groote's plea agreement and the 2015 imposition of probation. We therefore lack jurisdiction to consider those issues. Instead, De Groote can pursue any possible relief of those matters through post-conviction proceedings under Arizona Rule of Criminal Procedure 32. *See Ponsart*, 224 Ariz. at 521, ¶ 9. Accordingly, we turn to De Groote's challenges to the superior court's revocation of probation and imposition of sentence.

## I.　　Waiver of Counsel in the Revocation Proceeding

¶7　　　　For a criminal defendant to waive his right to counsel, the defendant must be competent and his request must be unequivocal, knowing, voluntary, and timely. *State v. McLemore*, 230 Ariz. 571, 576–77, ¶ 17 (App. 2012) (competent); *State v. Henry*, 189 Ariz. 542, 548 (1997) (citation omitted) (unequivocal); *State v. Gunches*, 240 Ariz. 198, 202, ¶ 8 (2016) (citation omitted) (knowing and voluntary); *State v. Weaver*, 244 Ariz. 101, 104, ¶ 9 (App. 2018) (timely). "[C]ompetence to waive the constitutional right to counsel is the primary restriction on the free-exercise of self-representation." *McLemore*, 230 Ariz. at 576, ¶ 17. When a defendant's request to represent himself is unequivocal and timely, the court has an independent "protective duty to ascertain whether his waiver of counsel was intelligent, knowing and voluntary." *Id.* at 579, ¶ 25. "A waiver finding is based substantially on the trial judge's observation of the defendant's appearance and actions," and thus we review it for an abuse of discretion. *State v. Dann*, 220 Ariz. 351, 358–59, ¶¶ 10–16 (2009).

¶8　　　　De Groote correctly notes that he did not execute a written waiver of counsel in the revocation proceedings. *See* Ariz. R. Crim. P. 6.1(c) ("A defendant may waive the right to counsel if the waiver is in writing and if the court finds that the defendant's waiver is knowing, intelligent, and

voluntary."). A court's failure to have a defendant sign a waiver "is not necessarily reversible error," whereas erroneous failure to recognize a defendant's right to self-represent "violates a defendant's constitutional rights and is reversible and structural error." *McLemore*, 230 Ariz. at 578–79, ¶ 23. Accordingly, we look to see whether the record as a whole supports a finding of constitutional waiver. *Id.* at ¶ 23 n.12.

**¶9** Viewing the record as a whole, the trial court did not err in finding De Groote competent to waive his right to counsel. At the probation revocation hearing, De Groote competently represented himself and displayed knowledge of Arizona criminal and evidence law; he also ably cross-examined a witness. Furthermore, De Groote presented a convincing, though factually unsupported, argument that a statute prevented the court from placing him on community supervision and probation concurrently.

**¶10** At his initial appearance on the petition to revoke, De Groote unequivocally asserted, "I just want to do propria persona, attorney in fact, for the matter." De Groote also affirmed he had represented himself previously in this case "sui generis, in propria persona." The language De Groote employed to assert his desire to represent himself, like the language in his numerous filings in the superior court and this Court, does not indicate incompetency. Rather, De Groote uses "Organized Pseudolegal Commercial Arguments" ("OPCA") as an unsuccessful strategy to challenge the authority and jurisdiction of the courts. *See* Donald J. Netolitzky, *Organized Pseudolegal Commercial Arguments as Magic and Ceremony*, 55 Alberta L. Rev. 1045 (2018) (discussing tactics used by OPCA litigants to "evade legal consequences"), *available at* https://www.albertalawreview.com/index.php/ALR/article/view/248.

**¶11** Granted, a psychologist who evaluated DeGroote in November 2014 under Rule 25.6 concluded he was so psychotically impaired and delusional that he would not be able to work with appointed counsel. This conclusion seems to have been based on De Groote's OPCA theories, with which the psychologist was not familiar. In this regard, the psychologist noted that De Groote sometimes "seems to be isolated in a belief system that is very separate from [the psychologist's] sense of reality, [but that] there are also times where the client seems very well grounded and understanding of what is going on." Given the psychologist's unfamiliarity with De Groote's pseudolegal theories, it was within the trial court's discretion to accept De Groote's waiver. *See Dann*, 220 Ariz. at 358, ¶ 10.

**¶12** Moreover, in April 2015, the superior court in an unrelated criminal matter found that De Groote was competent to understand the proceedings and assist counsel. In making that finding, the court relied on two expert reports filed in connection with a formal competency evaluation. *See* Ariz. R. Evid. 201(b)(2); *State v. Bearup*, 221 Ariz. 163, 174, ¶ 58 (2009) (judicial notice of superior court records).

**¶13** We conclude the superior court did not abuse its discretion in permitting De Groote to waive counsel without first requiring a competency evaluation. As a result, no error occurred. *See State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018) (first step in error review is determining whether error occurred).

## II. Notice of Probation Conditions

**¶14** De Groote next argues that because he was incompetent when the court imposed probation, he effectively lacked notice of his probation conditions.

**¶15** A court cannot revoke probation unless the defendant had written notice of the term he allegedly violated. Ariz. R. Crim. P. 27.8(c)(2), 27.1; *see also State v. Jones*, 163 Ariz. 498, 499 (App. 1990). "[I]f an order is important enough to warrant a revocation petition, the order first must be reduced to writing and given to probationer, as is clearly contemplated" by Rule 27.8(c)(2). *State v. Robinson*, 177 Ariz. 543, 546 (1994).

**¶16** The record belies De Groote's contention he lacked sufficient notice of the terms of his probation. De Groote signed the terms of his probation, which were all in writing. Condition 6 of De Groote's probation terms stated that he would report to the Adult Probation Department within 72 hours of sentencing, discharge, or release. De Groote admitted at the revocation hearing both that he had "absconded" from his community supervision and that he had not reported to his probation officer "at any time." When asked about reporting for probation, De Groote did not deny he failed to report within 72 hours, nor did he assert that he misunderstood the terms, but instead claimed he "wasn't under Navajo County jurisdiction." This assertion was merely another one of De Groote's pseudolegal theories and the superior court did not err in finding that De Groote had legally sufficient notice of his probationary terms.

**¶17** To the extent that De Groote argues that his probationary terms were unenforceable because he was incompetent at the time the court imposed them, we lack jurisdiction to consider the issue. *See supra* ¶¶ 5–6. The record here shows that De Groote understood the conditions of his

probation and decided to intentionally violate at least one of those conditions.

## III. Aggravated Sentence

**¶16** De Groote next argues the superior court impermissibly imposed an aggravated sentence. Specifically, he argues the court considered improper aggravators and failed to properly consider evidence of mitigation. We review the legality of a sentence *de novo*. *State v. Johnson*, 210 Ariz. 438, 440, ¶ 8 (App. 2005).

**¶17** The Fifth Amendment to the United States Constitution states that no one "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V; *see also* Ariz. Const. art. 2, § 10 ("No person shall be compelled in any criminal case to give evidence against himself."). Criminal defendants enjoy the right to remain silent through the presentence investigation and can "not be penalized for invoking that right." *State v. Kerekes*, 138 Ariz. 235, 237 (App. 1983); *see also State v. Trujillo*, 227 Ariz. 314, 318, ¶ 14 (App. 2011) (court may not consider a defendant's lack of remorse or failure to admit guilt during sentencing).

**¶18** The following occurred at the sentencing hearing:

> THE COURT: All right, thank you. Well, you did just get out of prison, but that was on a Maricopa County case and then the problem is you never reported to probation for this case – for the last case that I gave you a break on, I think, and did place you on probation even though there was prison sentence recommended in that one as well. You do have a pretty extensive criminal history, you've got four prior felonies.
>
> MR. DE GROOTE: Well, I feel like, I feel like –
>
> THE COURT: It's my turn to talk now. So actually five felonies and seven misdemeanors. You've been placed on probation three times. You've been to prison, as well, a few times. You refused to cooperate with the presentence writer, saying that you weren't going to answer any of their questions because they were fiction and the probation officer was fiction and –
>
> MR. DE GROOTE: Well, Your Honor –

THE COURT: Again, you had your chance to talk to me. So on balance I think the aggravators do outweigh the mitigators. I don't really see any mitigating circumstances. So I am going to sentence you to a slightly aggravated term of seven and a half years with credit for 400 – was it, 447. 447 days.

¶19 De Groote contends this colloquy demonstrates that the court impermissibly relied on his failure to cooperate with the presentence report author when it decided to impose an aggravated sentence. But this argument presumes De Groote remained entitled under the Fifth Amendment to decline to speak with the presentence report author. The sentence the court imposed was on the class 2 felony to which De Groote pled guilty in 2009. By pleading guilty to that crime, he waived his right to Fifth Amendment protections to remain silent in connection with the resulting sentencing. In other words, having admitted the crime, he no longer had the right not to speak about the crime. This is in contrast to *Kerekes*, in which a jury found the defendant guilty and there was no guilty plea.

¶20 Even assuming De Groote was entitled to Fifth Amendment protections in this context, and the trial court violated his rights, De Groote still bore the burden to establish prejudice. He does not assert he was prejudiced, much less meet his burden to prove prejudice. De Groote was convicted of conspiracy to transport or sell a narcotic, a class 2 felony. A.R.S. §§ 13-3408(A)(7), (B)(7); -1003(D). The court sentenced him under A.R.S. § 13-702, which provides a presumptive term of five years. De Groote had been convicted of several prior felonies, including one within the ten years before he committed the conspiracy offense for which he was sentenced. *See* A.R.S. § 13-701(D)(11). It was thus within the trial court's discretion to impose an aggravated sentence, and De Groote's plea agreement explicitly contemplated a sentence between five years and 12.5 years (which could be imposed in exceptional circumstances). The court identified a statutory aggravator (prior convictions) and imposed an aggravated sentence that remained within the range of sentences contemplated. De Groote has failed to show, and the record does not support, a different sentencing result could reasonably have been reached, *Escalante*, 245 Ariz. at 142, 144, ¶¶ 21, 29–30, or that the court would not have imposed the same sentence in any event, *State v. Henderson*, 210 Ariz. 561, 568, ¶ 26 (2005). The court did not violate the Fifth Amendment in sentencing De Groote.

¶21 De Groote also argues that the sentence was improper because: he had no notice of the aggravating factors; the court failed to

make sufficient findings to support the statutory aggravator; the court failed to consider his mental health issues in mitigation; the court gave him insufficient incarceration credit; and the errors taken together require resentencing. We address each briefly in turn. First, De Groote's indictment and subsequent presentence reports as early as 2011 gave him sufficient notice of potential aggravating factors. *State v. Jenkins*, 193 Ariz. 115, 121, ¶ 21 (App. 1998). Second, given the aggravated sentence imposed fell well within the maximum sentencing range contemplated in De Groote's plea agreement, it is not clear the court had to make unequivocal or explicit findings regarding the statutory aggravator. Nonetheless, the court explicitly discussed De Groote's criminal history, including five prior felonies and seven misdemeanors.

¶22　　　With regard to mitigating factors, the court stated on the record that it did not "see any mitigating circumstances" and thus did consider whether the sentence should be mitigated. De Groote did not ask the court to consider his mental health to support mitigation, though the court was familiar with the questions surrounding his mental health due to the earlier competency evaluation and psychologist's report, *infra* at ¶¶ 11–12. Thus, the record indicates the court had the opportunity to find De Groote's mental health was a mitigating factor and declined to do so.

¶23　　　De Groote contends the trial court "may not have" given him credit for all time spent in presentence custody. But he concedes that "[t]he record is inadequately developed to make a complete argument respecting this issue." We decline to address this argument. *State v. Lindner*, 227 Ariz. 69, 70, ¶ 3 n. 1 (App. 2010).

¶24　　　Finally, De Groote asserts the posited errors cumulatively require resentencing. We disagree. He has proved no error, and, in any event, the Arizona Supreme Court has specifically held that cumulative error only applies to cases involving allegations of prosecutorial misconduct. *State v. Hughes*, 193 Ariz. 72, 78–79, ¶ 25 (1988).

## CONCLUSION

¶25　　　We affirm De Groote's probation revocation and sentence.

