OPINION
BERCH, Chief Justice.
¶ 1 A defendant in a noncapital ease “may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation.” Ariz. Rev.Stat. (“A.R.S.”) § 13-4033(B) (2010). We have been asked to decide whether a defendant who pleads guilty but later contests an alleged probation violation may appeal the resulting sentence. We hold that A.R.S § 13-4033(B) does not limit the right of appeal in such circumstances.
I. FACTS AND PROCEDURAL HISTORY
¶ 2 Christopher Michael Regenold was indicted for one count of luring a minor for *379 sexual exploitation. He accepted a plea agreement that provided a sentencing range of five to fifteen years. The judge suspended imposition of the sentence and placed Regenold on lifetime probation.
¶ 3 More than a year later, the State petitioned to revoke Regenold’s probation. After a contested hearing, the judge revoked probation and sentenced Regenold to six and one-half years in prison. Regenold appealed. Citing AR.S. § 13^4033(B), the court of appeals dismissed the appeal for lack of jurisdiction, finding that Regenold’s sentence had been imposed pursuant to his plea agreement and, therefore, rather than appealing, he should have filed a petition for post-conviction relief pursuant to Rule 32. State v. Regenold, 1 CA-CR 08-0651, 2010 WL 987063 (Ariz.App. Mar. 18, 2010).
¶ 4 We granted review of Regenold’s petition for review because the court of appeals decision in this case conflicts with the opinion of the court of appeals in State v. Ponsart, 224 Ariz. 518, 233 P.3d 631 (App.2010), and the issue presented is of statewide importance. We have jurisdiction under Article 6, section 5, clause 3 of the Arizona Constitution.
II. DISCUSSION
¶ 5 Arizona Rule of Criminal Procedure 32.1 provides the review process for defendants who plead guilty. State v. Smith, 184 Ariz. 456, 458, 910 P.2d 1, 3 (1996). It authorizes review through an of-right post-conviction relief proceeding for those defendants who “admitted a probation violation, or whose probation was automatically violated based upon a plea of guilty or no contest.” Ariz. R.Crim. P. 32.1. Those found guilty after trial retain the right to appeal.
¶ 6 Arizona Revised Statutes § 13-4033(B) similarly precludes those who enter plea agreements or admit to a probation violation from filing a direct appeal. It provides that “[i]n noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation.” Id. We must resolve whether a defendant who pleads guilty to the underlying crime, but later has probation revoked following a contested probation revocation hearing, may appeal the resulting sentence or must instead file a Rule 32 petition.
¶ 7 Regenold argues that because § 13-4033(B) precludes an appeal only from an “admission to a probation violation,” a defendant may appeal from a judgment or sentence entered after the defendant contests or refuses to admit to a probation violation. The State responds that a pleading defendant who is put on probation, later unsuccessfully contests a probation violation and is thereafter sentenced, receives punishment “pursuant to a plea agreement” for purposes of § 13-4033(B) and thus may not appeal. It also argues that Regenold waived his right to appeal when he entered the plea agreement. For these reasons, the State maintains, Regenold cannot pursue a direct appeal, but must instead seek review under Rule 32. We disagree with the State’s contentions.
118 A defendant who receives punishment following a contested probation violation proceeding does not receive a “sentence that is entered pursuant to a plea agreement” as that phrase is used in § 13-4033(B). Rather, a pleading defendant who is sentenced to prison or jail or placed on probation receives punishment “pursuant to [the] plea agreement” when the probation or other sanction for the underlying crime is imposed. At that time, the defendant learns his punishment, which may include a combination of prison or jail time and restitution, along with any probationary period and terms. If the defendant fulfills those terms, this is the only sentence he will ever receive for the underlying crime. If the defendant fails to comply with the terms of probation, however, a different and more severe consequence may result. Any punishment imposed after a probation revocation hearing is a consequence that would not exist but for the defendant’s violation of probation. Therefore, although the range of punishment for a probation violation may be constrained by a plea agreement, the sentence imposed after a contested probation revocation is not entered “pursuant to [the] plea agreement” for purposes of § 13-4033(B).
¶ 9 The State also argues that Regenold waived his right to appeal by signing a *380 plea agreement that provided, “By entering this agreement, the Defendant further waives and gives up the right to appeal.” Although we agree that Regenold waived his right to direct appeal by pleading guilty, instead implicitly consenting to review by petition for post-conviction relief, see Smith, 184 Ariz. at 458, 910 P.2d at 3, he did not waive his right to appeal later rulings in the case.
¶ 10 We find support for our conclusion in the language of Rule 32.1, which permits a defendant who “admit[s] a probation violation, or whose probation was automatically violated based upon a plea of guilty or no contest” to file a petition for post-conviction relief. As noted, Regenold did not admit that he violated probation; he contested that he had done so. In short, Regenold’s situation is not squarely covered by language of Rule 32.1 that would require him to seek review by filing a petition for post-conviction relief. On the other hand, he is not prohibited from appealing the revocation of probation by the language of A.R.S. § 13-4033(B) because he did not admit to a probation violation.
¶ 11 A contrary construction of § 13-4033(B) may lead to multiple hearings involving the same facts. See Ponsart, 224 Ariz. at 520-21 ¶ 8, 233 P.3d at 633-34. For example, precluding a pleading defendant from appealing a sentence imposed following a contested probation violation hearing would require the defendant to appeal from the finding of a probation violation, but to file a separate Rule 32 petition for post-conviction relief to contest the resulting sentence. See id. Requiring parallel proceedings contravenes § 13-4033(B)’s purpose of reducing the burden on the appellate courts. See Hearing on H.B. 2481 Before the H. Comm. on Judiciary, 40th Leg., 2d Reg. Sess. (Feb. 24, 1992); accord Arizona State Senate, Fact Sheet for H.B. 2481, 40th Leg., 2d Reg. Sess. (Mar. 19, 1992). Permitting the defendant to combine the finding of a violation and the sentence imposed following a finding of a probation violation in one appeal better serves the legislative intent.
III. CONCLUSION
¶ 12 Because Regenold appealed a sentence entered after a contested hearing on a probation violation, § 13-4033(B) does not bar his appeal. We reverse the decision of the court of appeals and remand to that court for further proceedings.
CONCURRING: ANDREW D. HURWITZ, Vice Chief Justice, W. SCOTT BALES, Justice and MICHAEL D. RYAN, Justice (Retired).