IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DEMITRES ROBERTSON, *Appellant*.

No. 1 CA-CR 17-0491
FILED 4-18-2019

Appeal from the Superior Court in Maricopa County
No. CR2002-015076
The Honorable John R. Doody, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

**OPINION**

Presiding Judge James B. Morse Jr. delivered the opinion of the Court, in which Judge Jon W. Thompson and Vice Chief Judge Peter B. Swann joined.

**M O R S E**, Judge:

¶1        Demitres Robertson appeals the superior court's July 12, 2017 order revoking her probation and imposing a term of imprisonment.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In August 2002, the State charged Robertson with one count of first-degree murder, a class 1 felony, and two counts of intentional child abuse, class 2 felonies and dangerous crimes against children, based on acts that occurred in November 2001.  *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-604.01 (2001), -1105 (2001), -3623(A)(1) (2001).  The court later dismissed the first count of child abuse for lack of probable cause.  *See* Ariz. R. Crim. P. 5.4(d).[1]

¶3        Had Robertson been convicted of the charged count of first-degree murder, she faced a mandatory sentence of life imprisonment.  *See* A.R.S. §§ 13-1105(C), -703(A) (2001).  She also faced the potential for a mandatory consecutive sentence of up to 28 years imprisonment for the count of intentional child abuse as a dangerous crime against children.  *See* A.R.S. §§ 13-3623(A)(1), -604.01(D), (K)[2].

¶4        Pursuant to a plea agreement, the State reduced the charged counts, and Robertson avoided the potential for life in prison plus a consecutive sentence.  She pleaded guilty to one amended count of manslaughter, a class 2 dangerous felony, and one amended count of

---

[1]       The Arizona Supreme Court made extensive changes to the Arizona Rules of Criminal Procedure ("Rules") in 2017.  *See* Order Amending the Arizona Rules of Criminal Procedure, No. R-17-0002 (Ariz. 2017).  The new and amended Rules apply "in all . . . actions pending on January 1, 2018, except to the extent that the court in an affected action determines that applying the rule or amendment would be infeasible or work an injustice." *Id.*  The current Rule 5.4 does not alter the substance of Rule 5.4 as in effect in 2001, therefore we apply the current rule.  *Compare* Ariz. R. Crim. P. 5.4(d) (2001) *with* Ariz. R. Crim. P. 5.4(d) (2019).

[2]       Notably, A.R.S. § 13-604.01(K)—now codified as A.R.S. § 13-705(M)—expressly provided for consecutive sentences for the originally-charged counts of child abuse, even for offenses involving the same victim. *See State v. Jones*, 235 Ariz. 501, 502-03, ¶¶ 7-12 (2014) (finding that the statutory provision for consecutive sentences for dangerous crimes against children trumps A.R.S. § 13-116).

reckless child abuse, a class 3 felony. *See* A.R.S. §§ 13-1103 (2001), -3623(A)(2). Robertson faced a sentence of seven to 21 years for manslaughter, and two to 8.75 years for reckless child abuse. *See* A.R.S. §§ 13-604(I) (2001), -701 (2001), -702 (2001), -702.01 (2001). Pursuant to the plea agreement, however, the parties stipulated to a prison term of eight to 15 years for manslaughter and a consecutive term of probation for reckless child abuse. The court sentenced Robertson to ten years' imprisonment for manslaughter, credited Robertson 602 days of presentence incarceration, and placed Robertson on a lifetime term of probation upon completion of her prison sentence. Robertson completed her prison sentence in August 2010.

¶5 Robertson violated her probation in September of 2014 and June of 2016, and the superior court reinstated her probation after both violations. After the September 2014 violation, one of the terms of Robertson's reinstated probation was a six-month term of incarceration in the county jail. Robertson violated her probation again in March 2017, and the court imposed intensive probation.

¶6 Two months later, in May 2017, the State filed a petition claiming Robertson violated intensive probation and sought to revoke Robertson's probation. Robertson denied the petition's allegations.

¶7 At the probation-violation hearing, Robertson argued for the first time that the crimes of manslaughter and child abuse constituted a single act involving a single victim, and therefore, consecutive sentencing on the convictions violated the statutory prohibition against double punishment. *See* A.R.S. § 13-116. The court denied Robertson's oral motion to dismiss the petition to revoke.

¶8 After the hearing, the court revoked Robertson's probation and ordered that Robertson be imprisoned for a presumptive term of 3.5 years pursuant to A.R.S. § 13-701, with 260 days of presentence-incarceration credit.

¶9 Robertson timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶10 Robertson argues that the sentence of imprisonment imposed after her probation was revoked was illegal under A.R.S. § 13-116 because she had already served a prison sentence for the same act involving the same victim. Robertson does not raise any double jeopardy claims under

the United States or Arizona Constitutions.  For the following reasons, we affirm.

**¶11**        We review a challenge to the legality of a sentence de novo. *State v. Johnson*, 210 Ariz. 438, 440, ¶ 8 (App. 2005); *see also State v. Todd*, 244 Ariz. 374, 382, ¶ 25 (App. 2018) ("We review de novo a trial court's decision to impose consecutive sentences in accordance with A.R.S. § 13-116."). "[I]mposition of an illegal sentence constitutes fundamental error." *State v. Martinez*, 226 Ariz. 221, 224, ¶ 17 (App. 2011).

**¶12**        The State argues that Robertson waived any objection to consecutive sentencing, citing Rule 17.1(e)[3] ("By pleading guilty or no contest in a noncapital case, a defendant waives the right to have the appellate courts review the proceedings on a direct appeal."), and A.R.S. § 13-4033(B) ("In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation.").  In the usual case, where a defendant pleaded guilty and was placed on probation, the guilty plea does not waive all challenges to a subsequent sentence imposed after a probation violation. *See State v. Regenold*, 226 Ariz. 378, 379-80, ¶¶ 8, 12 (2011) (stating that a defendant has not waived the right to appeal a sentence imposed after a contested probation-violation hearing because it is not "entered pursuant to a plea agreement").

**¶13**        Nevertheless, Robertson did not merely plead guilty and face various potential sentences provided by law.  She affirmatively entered into a plea agreement with the State wherein she avoided the possibility of life in prison plus a consecutive sentence, and she stipulated to a prison sentence on one reduced count and a consecutive term of probation on another reduced count.  In this circumstance, Robertson has invited any error and, thus, cannot raise her A.R.S. § 13-116 challenge to the sentence imposed following probation revocation. *See State v. Logan*, 200 Ariz. 564, 566, ¶ 15 (2001) ("[E]quity favors the application of the usual rule of invited error rather than the exceptional rule of fundamental error.").[4]

---

[3]        The current Rule 17.1(e) is substantively unchanged from the Rule 17.1(e) in effect in 2001, therefore we apply the current rule.

[4]        The State also argues that because Robertson's offenses occurred over a one-week period, the counts involved different acts and A.R.S. § 13-116 is not implicated.  Because the invited-error doctrine resolves this case, we do not need to decide that issue.

¶14            "The invited error doctrine prevents a party from injecting error into the record and then profiting from it on appeal." *State v. Rushing*, 243 Ariz. 212, 217, ¶ 14 (2017).  A party's stipulation to an error precludes the party from asserting that error on appeal.  *See State v. Parker*, 231 Ariz. 391, 405, ¶ 61 (2013) (applying invited error where a party stipulated to the admission of evidence challenged on appeal).

¶15            Some cases from this Court have cited *Logan*, 200 Ariz. at 565-66, ¶ 9, for the proposition that the invited-error doctrine does not apply unless the record reflects that the party urging the error can be shown to be the source of the error.  *See State v. Lucero*, 223 Ariz. 129, 136, ¶ 22 (App. 2009) (citing *Logan* and stating that "invited error does not occur when the defendant stipulates to the error unless it can be shown from the record that the defendant proposed the stipulation"); *State v. Thues*, 203 Ariz. 339, 340, ¶ 4, n.2 (App. 2002) (citing *Logan* and declining to apply invited error where the "record does not reflect which party proposed the stipulation and therefore served as the source of the alleged error").  In the context of a joint stipulation of the parties, however, neither *Logan* nor other cases from our supreme court support the proposition that only the initial party to propose the stipulation is subject to invited-error analysis.  In *Logan*, there was no discussion of stipulations and the court found that defendant was the source of the proposed jury instructions even though he had relied on the Revised Arizona Jury Instructions.  200 Ariz. at 566, ¶¶ 11-12.  In *Rushing*, there was no discussion of stipulations and our supreme court found that invited error did not apply to a question posed by a juror, even though defense counsel did not affirmatively object to the question.  243 Ariz. at 217, ¶ 14.  In *State v. Pandeli*, our supreme court found invited error when the State sought to admit evidence, the court asked if defendant objected, and defense counsel "explicitly stated that he did not."  215 Ariz. 514, 528, ¶ 50 (2007).  Similarly, in *Parker*, the parties' stipulations regarding the admission of videos triggered invited error without any discussion as to the original source of the stipulation.  231 Ariz. at 405-06, ¶¶ 58, 61-62.

¶16            In this case, a plea agreement, evidencing the final product of compromises arrived at after off-the-record negotiations among the parties, presents an even more compelling circumstance for avoiding an inquiry into who may have first proposed a stipulation.  Accordingly, where an error results from stipulations in a voluntary plea agreement, the stipulations in that plea agreement are jointly made by "agreement among the defendant, his counsel and the prosecuting attorney, subject to the approval of the trial court," *State v. Morse*, 127 Ariz. 25, 31-32 (1980), and any determination as to the original source of the stipulations is unnecessary for purposes of invited-error analysis, *see Parker*, 231 Ariz. at

405-06, ¶¶ 58, 61-62 (finding invited error from stipulations without determining which party had requested the stipulation).

¶17        Here, even if A.R.S. § 13-116 would have otherwise precluded a consecutive sentence, Robertson is precluded from challenging the error on appeal. *See State v. Escalante*, 245 Ariz. 135, 145, ¶ 38 (2018) (holding that the invited-error doctrine precludes appellate relief even when error is fundamental and prejudicial). Robertson's 2003 plea agreement expressly stipulated that her probationary term was consecutive to her term of imprisonment and that "if [she] violate[d] any of the written conditions of [her] probation, [her] probation may be terminated and [she could] be sentenced to any term or terms state[d] [in the agreement] . . . without limitation." The superior court specifically found that Robertson had knowingly, voluntarily, and intelligently entered her plea agreement, as required by Rules 17.1(b), 17.2, and 17.3. Through her plea agreement and stipulation to a consecutive term of probation, Robertson explicitly bargained for and accepted the possibility of a consecutive prison sentence if she were found to have committed a subsequent violation of the terms of her probation. Having made such a stipulation, Robertson cannot now argue that a sentence of imprisonment constituted error.

## CONCLUSION

¶18        For the foregoing reasons, we affirm the superior court's July 12, 2017 order revoking Robertson's probation and imposing a term of imprisonment.

