NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DEMITRES ROBERTSON, *Appellant.*

No. 1 CA-CR 17-0491
FILED 1-12-2021

Appeal from the Superior Court in Maricopa County
No.  CR2002-015076
The Honorable John R. Doody, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Chief Judge Peter B. Swann and Judge Randall M. Howe joined.

---

**M O R S E**, Judge:

¶1        This appeal is on remand from the Arizona Supreme Court, which has instructed this court to "consider the merits of [Demitres] Robertson's appeal concerning the legality of her sentence under [A.R.S.] § 13-116 . . . . "  *State v. Robertson*, 249 Ariz. 256, 263, ¶ 30 (2020).  For the following reasons, we reject Robertson's argument and affirm the superior court.

### FACTS AND PROCEDURAL BACKGROUND

¶2        A more detailed recitation of the facts and procedural background can be found in the supreme court's opinion and our prior opinion in this matter.  *See Robertson*, 249 Ariz. at 258, ¶¶ 2-6; *State v. Robertson*, 246 Ariz. 438, 439, ¶¶ 2-8 (App. 2019), *vacated*, 249 Ariz. 256.

¶3        In brief, Robertson recklessly killed her child by smoking cocaine in the limited confines of her apartment.  She was then charged with one count of first-degree murder, a class 1 felony, and two counts child abuse, class 2 felonies and dangerous crimes against children.  *See* A.R.S. §§ 13-705, -1105, -3623(A)(1).[1]  The court later dismissed the first count of child abuse for lack of probable cause.  Robertson eventually pled guilty to one amended count of manslaughter, a class 2 dangerous felony, and one amended count of child abuse, a class 3 felony.  *See* A.R.S. §§ 13-1103, -3623(A)(2).

¶4        The superior court sentenced Robertson to ten years' imprisonment for the manslaughter count, with credit for 602 days of presentence incarceration.  For the child abuse count, the superior court placed Robertson on a lifetime term of probation, to commence upon completion of her prison sentence.  Robertson completed her prison sentence for the manslaughter count in August 2010.

---

[1]        Absent material revision, we cite the statute's current version.

**¶5**         Robertson violated her probation at least four times after she was released from prison.  The superior court ultimately revoked Robertson's probation and ordered her imprisoned for a period of 3.5 years. Robertson timely appealed.

**¶6**         This court found that Robertson was precluded from challenging any sentencing error and affirmed Robertson's sentence. *Robertson*, 249 Ariz. at 258, ¶ 6.  Robertson appealed and the supreme court vacated our decision, remanding the matter with instructions to consider the merits of Robertson's appeal.  *Id.* at 263, ¶ 30.  At our invitation, the parties filed supplemental briefs on remand.  We have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶7**         In its supplemental brief, the State argues Robertson's appeal is moot because she has completed the term of imprisonment at issue.  Even if we were inclined to agree, the Arizona Supreme Court has instructed us to consider the merits of Robertson's appeal.  *Robertson*, 249 Ariz. at 263, ¶ 30.  Accordingly, we address the merits of her argument.

**¶8**         Citing A.R.S. § 13-116, Robertson argues the superior court illegally sentenced her to a term of imprisonment because she already served a prison sentence for the same act involving the same victim.

**¶9**         "We review a challenge to the legality of a sentence de novo." *State v. Regenold*, 227 Ariz. 224, 225 n.2 (App. 2011); *see also State v. Urquidez*, 213 Ariz. 50, 52, ¶ 6 (App. 2006) ("We review de novo a trial court's decision to impose consecutive sentences in accordance with A.R.S. § 13-116."). Imposition of an illegal sentence constitutes fundamental error.  *State v. Martinez*, 226 Ariz. 221, 224, ¶ 17 (App. 2011).

**¶10**         In relevant part, A.R.S. § 13-116 states that "[a]n act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent."  To determine whether a defendant's conduct constitutes a single act, and accordingly, whether consecutive sentencing is appropriate, we use the test set forth in *State v. Gordon*, 161 Ariz. 308 (1989). *See Urquidez*, 213 Ariz. at 52, ¶ 6.

**¶11**         The first prong of the *Gordon* test requires that we "subtract[] from the factual transaction the evidence necessary to convict on the ultimate charge—the one that is at the essence of the factual nexus and that will often be the most serious of the charges."  *Gordon*, 161 Ariz. at 315.  "If

the remaining evidence satisfies the elements of the other crime, then consecutive sentences may be permissible under A.R.S. § 13-116." *Id.* When applying this framework, we must "then consider whether, given the entire 'transaction,' it was factually impossible to commit the ultimate crime without also committing the secondary crime." *Id.* "If so, then the likelihood will increase that the defendant committed a single act . . . ." *Id.* Last, we consider whether the defendant's conduct in committing the lesser crime caused the victim to suffer a different or additional risk of harm beyond that inherent in the ultimate crime. *Id.* at 314-15. If the lesser crime caused a different harm "then ordinarily the court should find that the defendant committed multiple acts and should receive consecutive sentences." *Id.* at 315.

¶12        Both parties rely on the facts presented at Robertson's preliminary hearing to support their arguments. Therefore, we rely on those facts to determine the legality of Robertson's sentence.

¶13        Here, the ultimate crime is manslaughter and the secondary crime is child abuse. *See* A.R.S. §§ 13-1103(C) (providing that manslaughter is a class 2 felony), -3623(A)(2) (providing that child abuse, when done recklessly, is a class 3 felony). To prove Robertson committed manslaughter, the State had to show that Robertson "recklessly caus[ed] the death of another person." A.R.S. § 13-1103(A)(1). "Reckless manslaughter involves being aware of a substantial and unjustifiable risk that one's conduct will cause another's death and consciously disregarding that risk." *State v. Valenzuela*, 194 Ariz. 404, 406, ¶ 11 (1999).

¶14        To prove Robertson committed the class 3 felony of child abuse, the State had to show that Robertson: (1) recklessly; (2) under circumstances likely to produce death or serious physical injury; (3) caused or permitted the health of the child to be injured while having the care or custody of the child, or caused or permitted the child to be placed in a situation where the health of the child was endangered. A.R.S. § 13-3623(A). "'Serious physical injury' means physical injury that creates a reasonable risk of death or that causes serious or permanent disfigurement, serious impairment of health or loss or protracted impairment of the function of any bodily organ or limb." A.R.S. § 13-3623(F)(5).

¶15        In applying the first element of the *Gordon* test, we must determine whether, after subtracting the evidence necessary to establish the "ultimate charge" of manslaughter, evidence remains to prove child abuse. 161 Ariz. at 315. As to this prong, Robertson says her child died from

necrotizing enterocolitis, a condition which is caused by "many factors." Those factors include dehydration, malnutrition, and continued exposure to cocaine. Robertson argues her failure to feed her child and the cocaine exposure "must be treated as an ongoing single transaction" because it was the combination of these factors that led to her child's necrotizing enterocolitis. We disagree.

¶16        In support of her argument, Robertson points to the testimony of Dr. Sergio Bustamante, who explained:

> Necrotizing enterocolitis is like the final catastrophic event that occurs in the intestine in response to multiple factors, which isolated may not cause necrotizing enterocolitis, but when they are together cause the intestine to suffer necrosis and infection.

¶17        The record supports Robertson's contention that dehydration and malnutrition significantly contributed to the development of necrotizing enterocolitis. But even if Robertson's failure to feed her child was necessary for the necrotizing enterocolitis, that does not mean that evidence supporting the malnourishment was "necessary to convict on the ultimate charge." *Gordon*, 161 Ariz. at 315. Evidence from Robertson's preliminary hearing shows that her child would not have died but for Robertson repeatedly exposing her to cocaine.[2] Subtracting the exposure to cocaine, Robertson committed child abuse when she recklessly caused injury by failing to feed her child.

¶18        In an attempt to avoid this conclusion, Robertson suggests that starving her child was inextricably connected with exposing her child to cocaine. But she cites no law to support this contention. And, in any case, we do not find Robertson's argument persuasive. Imagine a scenario where a parent malnourishes a child and, as a result, the child become abnormally weakened. If the parent then strikes the child and causes the child's death, that would be sufficient to support a conviction for manslaughter even if the blow was fatal due to weakness caused by the malnourishment. The only evidence needed to support the conviction is the reckless action that caused the victim's death. So too here. But for Robertson recklessly exposing her child to cocaine, the death would not

---

[2]        Specifically, one of the State's medical experts was asked "if the necrosis caused the dehydration . . . then but for the postbirth cocaine [her child] would not have died?" He responded, "Yes."

have occurred. Removing that evidence from the equation, ample evidence remains to support Robertson's conviction for child abuse.

¶19        As to *Gordon*'s second prong, we find it cuts slightly in Robertson's favor. Robertson's child's death was the culmination of Robertson's neglect and abuse. The State suggests we can parse out "the collectively-life-ending acts" from other discrete acts of abuse that could substantiate the child abuse conviction. This misreads *Gordon*. We are tasked with analyzing whether, "given the *entire 'transaction*,'" it was factually impossible for Robertson to kill her child without also committing child abuse. 161 Ariz. at 315 (emphasis added). Considering the facts, we do not see how Robertson could have killed her child without also committing child abuse. But while this factor increases the likelihood the defendant committed a single act, it is not dispositive. *Id.*

¶20        Turning to *Gordon*'s third prong, we find that Robertson's abuse caused her child to suffer an additional or different harm besides death. *See Gordon*, 161 Ariz. 314-15. Robertson killed her child in a painful and drawn-out manner. While causing the death of a child requires circumstances likely to produce death or serious physical injury, the extent of Robertson's abuse exceeded the harm caused by the child's death.

¶21        Robertson "submits there is no greater risk of harm beyond death" and, therefore, she argues the third prong cuts in her favor. Here, it is Robertson who misreads *Gordon*. The third *Gordon* prong turns on whether the secondary crime "subjected the victim 'to a different or additional risk of harm than that inherent in the ultimate offense.'" *State v. Roseberry*, 210 Ariz. 360, 370, ¶ 58 (2005) (quoting *Gordon*, 161 Ariz. at 314). Robertson did not just kill her child. According to expert testimony, she caused her child to suffer "enormous pain" prior to death. The "enormous pain" suffered by Robertson's child extended for days preceding her death and was a different and additional harm above the child's death. Thus, this prong weighs strongly against Robertson. *See Gordon*, 161 Ariz. at 315 (stating that "*ordinarily* the court should find that the defendant committed multiple acts and should receive consecutive sentences" if the defendant's conduct in the lesser crime caused additional harm (emphasis added)).

¶22        Weighing all three *Gordon* factors, we find that Robertson's conduct constituted separate acts punishable by separate convictions and her sentences were lawful. Accordingly, we affirm the superior court in all respects.

**CONCLUSION**

¶23        For the foregoing reasons, we affirm Robertson's sentences.



AMY M. WOOD • Clerk of the Court
FILED:    AA