NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER WOYDZIAK, *Appellant.*

No. 1 CA-CR 20-0327
FILED 3-23-2021

Appeal from the Superior Court in Maricopa County
No.  CR 2016-151676-001
The Honorable Nicole M. Brickner, Judge *Pro Tempore*

**APPEAL DISMISSED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge David D. Weinzweig joined.

---

**B R O W N**, Judge:

¶1          Christopher Woydziak challenges the superior court's order requiring him to pay extradition costs relating to a probation revocation proceeding.  Because we lack jurisdiction, we dismiss the appeal.

¶2          In November 2016, Woydziak pled guilty to possession of narcotic drugs and trafficking in stolen property.  The superior court suspended imposition of sentence and imposed two concurrent terms of supervised probation.

¶3          Woydziak's probation was transferred to Nevada in July 2017 via Interstate Compact.  The probation department later petitioned to revoke Woydziak's probation, alleging he absconded from probation in Nevada.  The superior court issued a warrant, and Woydziak was extradited from Nevada to Arizona.  After Woydziak admitted to a violation, the court reinstated Woydziak on probation.  At some point during or shortly after the disposition hearing, the State requested reimbursement of $4,691.56 in extradition costs.  Woydziak later objected, contending the plea agreement did not address extradition costs, imposing them would violate due process, and the State's legal authorities were misplaced.  The court granted the State's motion for extradition costs, and Woydziak was permitted to file a delayed notice of appeal.

¶4          Both parties assert we have jurisdiction over this appeal; however, regardless of whether jurisdiction is challenged, "we have an independent duty to determine our jurisdiction to consider an appeal." *State v. Kalauli*, 243 Ariz. 521, 523, ¶ 4 (App. 2018).

¶5          A.R.S. § 13-4033(B) provides that "[i]n noncapital cases[,] a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or *an admission to a probation violation*." (Emphasis added.)  In *State v. Regenold*, our supreme court clarified that, under § 13-4033(B), a defendant may directly appeal from a revocation of probation if the matter involves a contested hearing, but not if the defendant admits to the probation violation.  226 Ariz. 378, 379–80, ¶¶ 8, 10

(2011). Woydziak admitted he violated probation, so *Regenold* does not apply here. *See id.* Thus, we lack jurisdiction over his appeal, but express no opinion whether Woydziak is entitled to post-conviction relief under Arizona Rule of Criminal Procedure 32 relating to his argument that no statutory authority exists for imposition of extradition costs incurred as part of a probation revocation proceeding. Woydziak's appeal is dismissed.



AMY M. WOOD • Clerk of the Court
FILED:    AA