NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RODNEY ARTHUR MATSON, *Appellant.*

No. 1 CA-CR 23-0095
FILED 9-14-2023

Appeal from the Superior Court in Yavapai County
No. P1300CR201601275
The Honorable Tina R. Ainley, Judge

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Zickerman Law Office, PLLC, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Brian Y. Furuya joined.

---

**B A I L E Y**, Judge:

¶1          Rodney Arthur Matson appeals the superior court's finding that he violated conditions of his probation and the court's order to revoke his probation on one count and sentence him to prison. Matson's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this court that he has searched the record and found no arguable issue to raise on appeal.  He requests this court independently review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error).  Matson was given an opportunity to file a supplemental brief *in propria persona* but did not do so.

¶2          We have appellate jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).  *See also State v. Regenold*, 226 Ariz. 378, 378, ¶ 1 (2011) (holding that a defendant who accepts a plea deal but later contests an alleged probation violation may appeal the result of the probation violation hearing).  Finding no reversible error, we affirm, although we correct a clerical error in the court's minute entry.

## FACTS AND PROCEDURAL HISTORY

¶3          In February 2017, Matson pleaded guilty to Attempted Molestation of a Child, a class three felony in violation of A.R.S. § 13-1410(A) ("Count I"), and two counts of Sexual Abuse Per Domestic Violence, each a class three felony and dangerous crime against children, in violation of A.R.S. §§ 13-1404(A) and 13-705 ("Counts II and III").[1] Matson was sentenced to 6.5 years' imprisonment in the Arizona Department of Corrections ("ADOC") for Count I followed by lifetime probation for Counts II and III.

---

[1]     Under the plea agreement, Matson agreed to plead guilty and to "make a full factual basis for the completed offenses."

¶4   A term of his plea agreement required Matson to "actively participate in sex offender treatment and remain in such treatment at the direction of the Probation Officer." He also acknowledged that he was bound to follow both the Uniform Conditions of Supervised Probation and Special Conditions of Probation, including Sex Offender conditions. Uniform Condition No. 11 required Matson to "actively participate and cooperate in any program of counseling or assistance as determined by [the adult probation department], or as required by law, given assessment results, and/or [his] behavior." Sex Offender Special Condition of Probation No. 7 required Matson to "actively participate in sex offender treatment and remain in such treatment at the direction of [his] probation officer."

¶5   In March 2022, Matson was released from ADOC after he re-acknowledged receipt of the Sex Offender Special Conditions of Probation. He was permitted to move and transfer his probation supervision to Minnesota under the condition that he continue to abide by all conditions of probation set forth by the superior court.

¶6   In November 2022, Matson's Arizona probation officer filed a petition to revoke his probation, alleging that Matson had violated Uniform Condition No. 11 and Special Condition No. 7 of his probation. Matson was arrested and extradited to Arizona.

¶7   The superior court held Matson's violation of probation hearing in December 2022. Matson's Arizona probation officer testified that she received a violation report from his probation officer in Minnesota, which stated that Matson was discharged as non-compliant from sex offender treatment in Minnesota. Matson's Arizona probation officer further testified that Matson was discharged for refusing to admit as part of his treatment that he had committed a sexual offense, and that his failure to comply violated Uniform Condition No. 11 and Special Condition No. 7 of his probation. Subsequently, Matson testified that he knew he had to actively participate in his sex offender treatment as a term of his probation, and that he told his treatment providers that he was not guilty of a sexual offense.

¶8   The superior court found by a preponderance of the evidence *see State v. Alfaro*, 127 Ariz. 578, 579 (1980), that Matson had violated Uniform Condition No. 11 and Special Condition No. 7 of his probation. The court revoked Matson's probation on Count II and sentenced him to five years' incarceration in ADOC, with credit for 305 days of presentence

incarceration, and continued lifetime probation upon release for Count III.[2] Matson filed a timely notice of appeal.

## DISCUSSION

**¶9**        We have reviewed the entire record for reversible error and find none.  *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30.  The evidence presented at the violation of probation hearing was substantial and supports the court's decision to revoke Matson's probation, and the sentence imposed was within the parameters of Matson's plea agreement. The proceedings were conducted in compliance with Matson's constitutional and statutory rights and conformed to the Arizona Rules of Criminal Procedure.  Matson was represented by counsel at all stages of the proceedings, was present at all critical stages, and was given the opportunity to speak at sentencing.

**¶10**        Upon the filing of this decision, Matson's counsel shall inform Matson of the status of his appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  Matson has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

---

[2]        At sentencing and in the court's February 15, 2023 minute entry, the court stated that Matson's five-year sentence was "mitigated."  However, under the statutory sentencing parameters as indicated in the plea agreement, Matson received a presumptive sentence. (Moreover, the court did not make any findings of mitigation that would support a mitigated sentence.)  Accordingly, we correct the sentencing minute entry to reflect that Matson's sentence for Count II is a presumptive sentence. Additionally, we note that the court advised Matson at sentencing that if he failed to comply with the continued probation terms upon his release for Count II, he would face an additional fifteen years' incarceration. Under the statutory sentencing parameters as explained in the plea agreement, Matson would face a maximum of 7.5 years' incarceration if he violated the terms of his probation again.

**¶11** For the foregoing reasons, we affirm the superior court's finding that Matson violated the terms of his probation, and the court's decision to revoke Matson's probation on Count II and sentence him to incarceration in ADOC. We correct the court's February 15, 2023 sentencing minute entry to reflect that Matson's sentence is for the presumptive term.



AMY M. WOOD • Clerk of the Court
FILED: AA