NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ESTEVANICO DOS QUILOMBO PALMARES, *Appellant*.

No. 1 CA-CR 23-0244

FILED 04-08-2025

Appeal from the Superior Court in Maricopa County
No. CR2015-108180-001
The Honorable Kevin B. Wein, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Zhivago Law, Phoenix
By Kerrie M. Droban Zhivago
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Daniel J. Kiley and Judge David D. Weinzweig joined.

---

**C A T L E T T**, Judge:

¶1           Estevanico Dos Quilombo Palmares ("Palmares") appeals the superior court's revocation of his probation and its subsequent sentence. Counsel for Palmares filed a brief per *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after diligently searching the record, counsel found no arguable question of law that was not frivolous.   Counsel asks this Court to search the record for arguable issues.  *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999).  Palmares was permitted to file a supplemental brief; he did not do so.  He instead filed a supplemental motion to dismiss the charges that resulted in his probation being revoked.  Having reviewed the record, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2           In 2018, Palmares pled guilty to criminal damage.   The superior court sentenced him to supervised probation for three years.

¶3           In November 2019, Palmares' probation officer petitioned the court to revoke his probation for multiple violations and requested a warrant for his arrest.  Palmares denied the violations and the court set a hearing.   The court later revoked Palmares' release, set a bond, and continued the hearing.

¶4           In May 2020, Palmares was arrested for murdering two people.  The superior court continued the hearing pending resolution of those charges.  A jury convicted Palmares on two counts of second-degree murder and one count of misconduct involving weapons. *State v. Palmares*, 2024 WL 4458253, at *1 ¶ 1 (Ariz. App. Oct. 10, 2024) (mem. decision). This court affirmed those convictions on direct appeal. *Id.*

¶5           The superior court consolidated the probation disposition hearing with the sentencing hearing for the separate convictions.  *See* Ariz. R. Crim. P. 27.8(e).  At the sentencing and disposition hearing, Palmares, through counsel, requested that his presence be waived—he did not want

2

to attend if the court would not consider his motions. The court expressed skepticism that Palmares could waive his appearance. When Palmares entered the courtroom during this discussion, he immediately began yelling obscenities at the victims' families and pulled away from the two deputies restraining his arms. Three additional deputies "leapt up" to assist before the court ordered he be temporarily removed. Palmares' attorney then requested Palmares' presence be waived based on "courtroom safety concerns." After lengthy discussion, the court brought Palmares, bound to a wheelchair, into the courtroom to determine if he "intend[ed] to disrupt the proceedings[.]"

¶6         After sentencing began, Palmares started interrupting and when the court asked him to stop, Palmares repeatedly said that someone would have to shoot him. The court ordered that if Palmares was to remain in the courtroom, he would have to be gagged and so Palmares was removed from the courtroom.

¶7         After briefly reviewing some exhibits, the court again considered whether to proceed with Palmares in the courtroom. After additional discussion, the court rescinded the order to gag Palmares, found extraordinary circumstances, and required Palmares to watch the hearing from a separate room. The hearing continued. After victim impact statements, the court brought Palmares back into the courtroom and allowed him to address the court. After Palmares did so, the court sentenced him. Palmares began to interrupt again, but when the court threatened to remove him, he agreed to let the court finish without additional disruption.

¶8         The court found Palmares guilty of two counts of second-degree murder and one count of misconduct involving weapons. After sentencing Palmares for those convictions, the court revoked Palmares' probation and sentenced him to one-and-a-half years in prison, with 41 days of pretrial incarceration credit.

¶9         Palmares timely appealed. We do not address Palmares' supplemental motion to dismiss because it challenges separate convictions, which this court previously affirmed. *See id.* at *2–4 ¶ 11–24. We do, however, have jurisdiction over the revocation of his probation and sentence for criminal damage. *See* A.R.S. § 13-4031; *State v. Regenold*, 226 Ariz. 378, 379 ¶ 1 (2011).

## DISCUSSION

**¶10**          We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶11**          Palmares was present and represented by counsel at all critical stages of the proceedings against him. The record reflects the superior court afforded Palmares all his constitutional and statutory rights and conducted the proceedings consistent with the Arizona Rules of Criminal Procedure. Palmares was convicted of multiple felonies, *see Palmares*, 2024 WL 4458253, at *1 ¶ 1, which supports the court's decision to revoke his probation. The sentence imposed was consistent with the terms of Palmares' plea agreement. We find no error on this record.

## CONCLUSION

**¶12**          Palmares' probation revocation and sentence are affirmed. Defense counsel's obligations in this appeal will end once Palmares is informed of the outcome and his future options, unless counsel finds an issue appropriate for the Arizona Supreme Court's review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Palmares has 30 days from the date of this decision to proceed with a *pro se* motion for reconsideration or petition for review.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR

4