NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

CHAD ANDREW COTTRELL, *Petitioner*.

No. 1 CA-CR 24-0475 PRPC

FILED 04-13-2026

---

Petition for Review from the Superior Court in Maricopa County
No. CR2020-128438-001
The Honorable Anne H. Phillips, Commissioner (Retired)

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Phillip D. Garrow
*Counsel for Respondent*

Maricopa County Office of the Legal Advocate, Phoenix
By Grace M. Guisewite
*Counsel for Petitioner*

---

## MEMORANDUM DECISION

---

Presiding Judge Anni Hill Foster delivered the decision of the Court in which Judge Michael J. Brown and Judge Paul J. McMurdie[1] joined.

---

**F O S T E R**, Judge:

¶1        Petitioner Chad Cottrell seeks review of the superior court's dismissal of his first petition for post-conviction relief ("PCR"). For the following reasons, this Court grants review but denies relief.

## FACTS AND PROCEDURAL HISTORY

¶2        In July 2020, Cottrell "was entrusted with the victim's care" when he "threw her on the ground" from her bed, "dragg[ed] her by the ankles," "tied her hands above her head and hit her head with a wooden spoon" and "put a handgun in her mouth and threatened to kill her if she told anyone what happened." Later that day, the victim's mother discovered "visible bruising near [the victim's] eye," "extreme bruising along both the victim's arms and scrape[s] on her back."

¶3        The State charged Cottrell with two counts: aggravated assault, A.R.S. § 13-1203 (reasonable apprehension), and vulnerable adult abuse, A.R.S. § 13-3623(B), both designated as domestic violence offenses. In June 2021, Cottrell signed a plea agreement to an "amended" aggravated assault charge under A.R.S. §§ 13-1203(A)(1) (causing physical injury) and -1204(A)(2) (use of deadly weapon). Cottrell also pled guilty to the vulnerable adult charge. The State dismissed the allegation of

---

[1] Judge Paul J. McMurdie was a sitting member of this Court when the matter was assigned to this panel of the Court. He retired effective December 31, 2025. In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court designated Judge McMurdie as a judge pro tempore of the Court of Appeals, Division One, for the purpose of participating in the resolution of cases assigned to this panel during his term in office.

dangerousness in exchange for his plea to both charges. On July 29, 2021, the court found the vulnerable adult abuse offense was a Class 4 non-dangerous, non-repetitive, domestic violence felony and sentenced Cottrell to the presumptive term of two-and-a-half years' incarceration, with 368 days of presentence incarceration credit. *See* A.R.S. § 13-702(D). The court found the aggravated assault charge was a Class 3, non-dangerous, non-repetitive, domestic violence felony and suspended the sentence and placed Cottrell on four years' probation to run after his imprisonment. *See* A.R.S. § 13-902(A)(2). The court also notified Cottrell of his right to petition for PCR and that he had 90 days to file for such relief.

¶4            In March 2022, Cottrell's probation officer petitioned the court to modify Cottrell's probation term. The request indicated that the court's prior orders directed Cottrell's probation to start on July 29, 2021, the same date that his prison term began. The court amended the written probation term to begin upon Cottrell's release from prison. Cottrell began probation in September 2022. By November, Cottrell stopped reporting to probation as required, and the State petitioned to revoke his probation. The court issued an arrest warrant, and law enforcement arrested Cottrell in late April 2023. At the probation revocation hearing, Cottrell admitted to violating his probation. In revoking Cottrell's probation for the aggravated assault conviction and sentencing him to prison, the court found several aggravating factors, including the use of a deadly weapon during the offense. The court sentenced Cottrell to a maximum sentence of seven years for the aggravated assault charge. *See* A.R.S. § 13-702(D).

¶5            Cottrell signed his PCR notice on May 17, 2023, but the clerk filed it on August 10, 2023, two years after Cottrell's original sentencing, and 94 days after his probation revocation hearing. After full briefing, the court summarily dismissed his petition.  Cottrell sought this Court's review. This Court has jurisdiction under A.R.S. § 13-4239(C).

## DISCUSSION

¶6            Cottrell challenges his sentences by raising three claims: (1) the court imposed double punishment for a single act, (2) the court imposed a greater-than-presumptive sentence based on an aggravating factor inherent to the offense and (3) ineffective assistance of counsel at his sentencing. Cottrell does not challenge his probation violation proceedings.

## I.     Cottrell filed his petition late.

¶7            Defendants may seek post-conviction relief on the grounds that the State obtained convictions or sentences "in violation of the United

States or Arizona Constitutions" and because the "sentence as imposed is not authorized by law." Ariz. R. Crim. P. 33.1(a), (c). Cottrell's claims of double punishment and ineffective assistance of counsel fall under Rule 33.1(a).

**¶8**      Petitioners "must file a notice for a claim under Rule 33.1(a) within 90 days after the oral pronouncement of sentence." Ariz. R. Crim. P. 33.4(b)(3)(A). Thus, Cottrell's claims of double punishment and ineffective assistance of counsel are untimely. But claims brought under Rule 33.1(c) (improper sentence) require petitioners to file the Notice of PCR "within a reasonable time after discovering the basis for the claim." Ariz. R. Crim. P. 33.4(b)(3)(B). The court sentenced Cottrell in 2021, but he did not file a PCR petition until 2023. Cottrell failed to explain why he delayed bringing his claims after his initial sentencing or why the superior court should have considered his PCR as timely. Thus, the superior court did not err in summarily denying Cottrell's petition for relief.

**¶9**      But because this Court prefers to resolve cases on their merits, it reviews the substance of Cottrell's claims. *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984).

## II.      Cottrell's convictions and sentences were not double punishment.

**¶10**      Cottrell argues the aggravated assault and the vulnerable adult abuse convictions arose from the same act, so his sentence punishes him a second time for the same offense. *See* Ariz. Const. art. 2, § 10 ("No person shall be . . . twice put in jeopardy for the same offense."); Double jeopardy precludes a defendant from a "second prosecution for the same offense after conviction or acquittal and bars multiple punishments for the same offense." *State v. Powers*, 200 Ariz. 123, 125, ¶ 5 (App. 2001) (citing *Ohio v. Johnson*, 467 U.S. 493, 497–98 (1984)). Courts review double jeopardy claims *de novo*. *State v. McGill*, 213 Ariz. 147, 153, ¶ 21 (2006).

**¶11**      When a court or jury convicts a defendant of two separate crimes for the same conduct, the convictions may be deemed multiplicitous. *See State v. Kelly*, 257 Ariz. 128, 131–32, ¶¶ 6–7 (App. 2024). A multiplicitous conviction implicates double jeopardy when a defendant "receives multiple sentences for the same crime," but such sentences are not automatically unlawful. *Id.* at 131–32, ¶ 6; *see Powers*, 200 Ariz. at 125, ¶ 5. Determining multiplicity requires a court to consider "whether a series of actions violates a criminal statute in sufficiently 'separate and distinct' ways." *State v. Moninger*, 258 Ariz. 18, 22, ¶ 12 (2024) (quoting *Blockburger v. United States*, 284 U.S. 299, 301 (1932)). Deemed the "same elements test," courts must

determine "whether each provision requires proof of a fact which the other does not." *State v. Carter*, 249 Ariz. 312, 315, ¶ 9 (2020) (quoting *Blockburger*, 284 U.S. at 403). If the two offenses contain the same elements, then double jeopardy applies. *McGill*, 213 Ariz. at 153, ¶ 23. This Court looks to the "statutory definition of the individual crime[s] to determine . . . 'the scope of conduct for which a discrete charge can be brought.'" *State v. Rodriguez*, 251 Ariz. 90, 94, ¶ 7 (App. 2021).

¶12        Comparing the elements of Cottrell's convictions, "neither contain identical elements nor involve identical proof." *Merlina v. Jejna*, 208 Ariz. 1, 5, ¶ 17 (App. 2004). Vulnerable adult abuse occurs when a person: (1) causes a vulnerable adult to suffer physical injury or (2) permits the victim to be placed in a situation where the victim's health or safety is endangered. A.R.S. § 13-3623(B). Vulnerable adult abuse is an alternative-means statute that criminalizes conduct in a single offense that can be committed in alternative ways. *Kelly*, 257 Ariz. at 132, ¶ 10. "[E]ach separate harm inflicted can be separately charged, notwithstanding that multiple harms are serially inflicted over the course of a single event." *Rodriguez*, 251 Ariz. at 95, ¶ 11; *see State v. West*, 238 Ariz. 482, 490, ¶ 21 (App. 2015) (interprets § 13-3623(A) to "focus[] on a single harm to the victim"). Aggravated assault requires proof that the defendant first committed an assault under § 13-1203 and that the assault occurred under one of several specified aggravating circumstances, such as using a deadly weapon. A.R.S. §§ 13-1203, -1204(A)(2). Aggravated assault is also an alternative-means statute. *Kelly*, 257 Ariz. at 133, ¶ 13. Section 13-1203 provides multiple ways that a person can commit assault, including causing physical injury, reasonable apprehension of imminent physical injury, or touching with intent to injure. A.R.S. 13-1203(A); *Rodriguez*, 251 Ariz. at 95, ¶ 14. Relevant to this case, "[a] person commits aggravated assault if the person commits assault as prescribed by §13-1203," including . . . [i]f the person uses a deadly weapon or dangerous instrument." A.R.S. § 13-1204(A)(2).

¶13        Cottrell's actions caused the victim to sustain bruising near her eye and extreme bruising throughout her body, violating A.R.S. § 13-3623(B). Separate from those injuries, Cottrell placed a deadly weapon in the victim's mouth, violating A.R.S. §§ 13-1203 and -1204(A)(2). The charges under their respective statutes address separate harms rather than a single harm and therefore do not violate double jeopardy. *See State v. Carlson*, 237 Ariz. 381, 401, ¶ 84 (2015) (consecutive sentences do not violate double jeopardy when the defendant was sentenced separately because the crimes created separate harms). Sufficient evidence exists to support separate convictions for vulnerable adult abuse and aggravated assault with a deadly weapon without violating double jeopardy.

**¶14** Additionally, to the extent that Cottrell challenges the court's imposition of a sentence for his aggravated assault conviction after revoking his probation, his argument fails. "[T]echnically, probation is not a sentence, but rather a suspending of imposition of sentence." *State v. Ball*, 157 Ariz. 382, 383 (App. 1988); *accord* A.R.S. § 13-901(A) ("If a person who has been convicted of an offense is eligible for probation, the court may suspend the imposition or execution of sentence and, if so, shall without delay place the person on . . . probation."). If a defendant satisfies his probation conditions, any probation term "is the only sentence he will ever receive for the underlying crime." *State v. Regenold*, 226 Ariz. 378, 379, ¶ 8 (2011). But if not, "[a]ny punishment imposed after a probation revocation hearing is a consequence that would not exist but for the defendant's violation of probation." *Id.* The sentence imposed following Cottrell's probation violation did not constitute double punishment.

### III. The use of a deadly weapon as an aggravating factor was improper, but the sentence is affirmed.

**¶15** Cottrell also seeks relief on the ground that the court imposed illegal consecutive sentences. *See* Ariz. R. Crim. P. 33.1(c) (grounds for PCR include "the sentence as imposed is not authorized by law"). He argues the court imposed a greater-than-presumptive sentence based on his use of a deadly weapon, an essential element of the aggravated assault.

**¶16** The court may impose a maximum term, instead of a presumptive term, if the trier of fact finds one or more aggravating factors. A.R.S. § 13-701(C). One aggravating factor is the "[u]se, threatened use or possession of a deadly weapon or dangerous instrument during the commission of the crime." A.R.S. § 13-701(D)(2). But that provision provides an exception that a court cannot consider when aggravating a sentence: "if this circumstance is an essential element of the offense of conviction." A.R.S. § 13-701(D)(2).

**¶17** Here, the State charged Cottrell with, and he pled guilty to, aggravated assault "us[ing] a deadly weapon or dangerous instrument," under (A)(2), not (A)(1). A.R.S. § 13-1204(A)(2). The use of a deadly weapon was an essential element of the (A)(2) offense, and the court erred by also using that fact as an aggravating factor. But the "use of a deadly weapon or dangerous instrument" was not the only aggravating factor. The court also found that Cottrell inflicted "serious physical injury to the victim" and that the "victim was a disabled person." Because only two specific aggravators are necessary to justify an aggravated sentence under § 13-702(C), even with

the removal of one aggravator, the sentence is proper and therefore affirmed.

### IV.   Cottrell's ineffective assistance of counsel claim is untimely.

**¶18**        Cottrell claims ineffective assistance of counsel relating to his claim of double punishment. "Defendants have a constitutional right to effective assistance of counsel." *State v. Anderson*, 257 Ariz. 226, 230, ¶ 14 (2024) (cleaned up); *accord* U.S. Const. amend. VI; Ariz. Const. art. 2, § 24. But as with his other claims, Rule 33.4 required Cottrell to seek review on this issue within 90 days of sentencing. Ariz. R. Crim. P. 33.4(b)(3)(A). Because his claims of ineffective assistance of counsel relate to his 2021 conviction and sentencing, they are untimely. But even so, Cottrell could have asked the court to excuse the untimely notice, but he failed to do so or to justify his two-year delay. Ariz. R. Crim. P. 33.4(b)(3)(D). This court discerns no error.

### CONCLUSION

**¶19**        This Court denies relief.

